[No. 4704.   Decided February 10, 1905.]

W. J. YARWOOD *et al., Appellants,* v. CEDAR CANYON
CONSOLIDATED MINING COMPANY *et al., Respondents.*[1]

INJUNCTIONS—POSSESSION OF EQUITABLE TENANT IN COMMON—
PAYMENT OF PROPORTION OF PURCHASE PRICE—ACTION ON BONDS.
Parties who are entitled to become tenants in common of a min-
eral vein, upon payment of their proportion of the purchase price,
have only an inchoate right to possession, and an injunction
ousting them is not wrongful in the absence of tender of payment
by them, and does not become wrongful by subsequent payment,
so as to give rise to any action upon the injunction bond.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered April 15, 1903, upon the
findings of the court and a verdict of a jury rendered in
favor of the defendants, dismissing an action on injunction
bonds.    Affirmed.

*Happy & Hindman,* for appellants.

*Tolman & Kimball, M. A. Folsom* and *E. C. Macdonald,*
for respondents.

PER CURIAM.—This is an action brought by the appel-
lants against the respondents to recover upon certain in-
junction bonds.   From the record it appears that the re-
spondent Cedar Canyon Consolidated Mining Company
brought an action against the appellants, to enjoin them
from extracting ores from a certain mineral vein, which
the respondent claimed to own, and which was also claimed
by the appellants.    At the commencement of the action
a temporary restraining order was issued, restraining them
from mining ore pending a hearing on an application for
a temporary injunction, notice of which hearing was given
at the time of the service of the restraining order.    The ap-

[1]Reported in 79 Pac. 483.

pellants appeared in response to the notice, and contested the issuance of the temporary injunction on the ground that they were the sole owners of the property in question. The court, however, found for the respondent, granting a temporary injunction on the filing of a bond in the sum of $2,000. Later on the appellants answered in the main action, setting up, in addition to their claim of sole ownership, an equitable claim to two-sevenths of the property, on which they asked affirmative relief, in case their claim to the sole ownership should be determined against them.

On the trial the contest as to the claim of sole ownership was submitted to a jury, and determined against the appellants. The judge thereupon tried the equitable issue, finding that the appellants were entitled to a two-sevenths interest in a part of the claim. Both sides appealed to this court, which modified the judgment below, holding that the appellants were entitled to a two-sevenths interest, as tenants in common with the respondent above named, in, the whole of the mineral vein in question, on payment to the respondent of their proportionate share of the purchase price, with interest. After the remittitur went down, this payment was made, and judgment went accordingly, the injunctions theretofore entered being dissolved. The appellants thereupon brought this action upon the injunction bonds, and on judgment going against them, have appealed to this court.

While elaborate briefs have been filed on the part of the appellants, we have found it unnecessary to follow the argument as made therein. The contention of the appellants that the injunction bonds were wrongfully issued, as to them, is based on the finding of the court that they were tenants in common, with the respondent Cedar Canyon Consolidated Mining Company, in the mineral vein, having an equal right with the respondent to its possession;

and hence their ouster at the suit of the respondent was wrongful, and they have the right to recover such damages as they have suffered by the ouster. But the answer is that they had only an inchoate right to the vein, contingent on their paying their proportion of the purchase price; hence they had no right of possession, until they had either paid, or tendered payment of, such purchase price. As they did not pay, nor tender, when the respondent sought to oust them, the injunction was rightfully issued, and it did not become wrongful by their subsequent payment. Affirmed.