ANTHONY S. DAVIS and WIFE, KATE S. DAVIS, v. CHAMPION FIBER COMPANY.

(Filed 22 December, 1917.)

**Injunction—Title of Lands—Admission—Partial Recovery—Damages—Principal and Surety.**

Where defendant, enjoined from cutting timber on the lands in controversy, admits the title of the plaintiff to the lands covered by his grant or deed, but the location of the lands thereunder is the disputed question, upon order dissolving the injunction as to a part of the *locus in quo,* the

defendant is entitled to the damages he may have sustained by reason of having been wrongfully enjoined from cutting the timber, etc., on that part and to judgment accordingly against the plaintiff and his surety on the injunction bond. Revisal, sec. 818.

MOTION in the cause for judgment against plaintiffs and the United States Fidelity and Guaranty Company for damages upon two undertakings in injunction proceedings, in the aggregate sum of $5,000, entered into in this cause by plaintiffs with the said Guaranty Company as surety, before *Harding, J.,* at Fall Term, 1917, of JACKSON.

The matter was referred to Fred S. Johnson, who made a report assessing defendant's damages at $10,000, but concluding, as matter of law, that defendant was not entitled to recover. Defendant filed exceptions, which were overruled by the court, *Harding, J.,* presiding, and the report confirmed. Defendant appealed.

*Walter E. Moore, Alley & Leatherwood for plaintiffs.*
*Smathers & Ward for defendant.*

BROWN, J. This action brought by the plaintiffs to recover certain tracts of land described in the complaint, and for damages, is now before the Court to determine the right of the defendant, the Champion Fiber Company, to recover damages sustained by it by reason of the alleged illegality of the injunction issued by the court at the instance of the plaintiffs, all the other matters in controversy between the parties hereto raised by the pleadings having been settled and finally adjudicated by a judgment of the court below.

It is admitted by defendant that plaintiffs are the owners of the grants of land set out in complaint, and that the defendant was restrained from entering upon and carrying on its timber operations on the lands therein described. By reason of such admission, plaintiffs contend that defendant was not wrongfully restrained, and therefore cannot recover damages. That seems to have been the opinion of the able and painstaking referee as well as of the judge of the Superior Court. It appears, however, to us that while the title to the lands was admitted, the location of them was in dispute. That this was the real matter in controversy is shown by the following findings of the referee:

I find that according to the final judgment made by his Honor, E. B. Cline, judge, at February Term, 1915, of Jackson County Superior Court, the plaintiffs were declared to be the owners of the *land in controversy* of about 200 acres lying between the W. F. or Floyd Cook line and the Cook and Hargrove line shown on the map, and that the defendant, the Champion Fiber Company, was the owner of the timber on the McAden Balsam timber tract lying to the north of said grant 586, as

per survey and location made by W. F. Cook, as shown on said map, and which included the strip of land lying in between the John H. Smith line and the W. F. or Floyd Cook line, and by the order made by his Honor, E. B. Cline, judge, on 11 March, 1915, aforesaid, the restraining order and injunction was dissolved as to the strip of land lying between the John H. Smith and the W. F. or Floyd Cook lines of about 500 acres, after the said defendant had been restrained from felling, cutting and removing the timber, etc., from the lands described in plaintiffs' complaint, for a period of more than six and one-half years, and was made permanent and continued in full force as to the strip of land of about 200 acres lying between the W. F. or Floyd Cook line and the Cook and Hargrove line.

The referee further finds that the defendant was adjudged to be in contempt and fined for violating the restraining order in continuing to conduct its timber operations on the land that was finally adjudged to belong to defendant.

The contempt proceeding was brought to this Court (150 N. C., 85), and that the real controversy is the location of the division line between the lands of plaintiff and defendant clearly appears in the opinion of the Court, which is referred to for a statement of the case.

It now appears that some 700 acres of land lay between the Smith line claimed by the plaintiffs and the Cook Hargrove line claimed by defendant, the title to which depended upon the location of the true dividing line. That has now been established, and by reference to the final judgment it will be seen that the plaintiffs were declared to be the owners of the strip of land on the north side of grant 586 lying in between the Floyd Cook and Hargrove lines containing about 200 acres, and the defendant, the Champion Fiber Company, was declared to be the owner of the timber on the McAden Balsam timber tract lying to the north of said grant 586, as per survey and location made by W. F. or Floyd Cook, as shown on said map, which included the strip of land lying on the north side of grant 586 and including the land lying in between the J. H. Smith and Floyd Cook lines, containing about 500 acres, and it is on this latter strip of land that the defendant, the Champion Fiber Company, is seeking to recover damages of the plaintiffs by reason of the stoppage of its timber operations thereon by injunction.

The contention that the restraining order did not include the 500 acres is untenable. It extended to all the land in controversy, and that embraced the 700 acres, of which plaintiffs recovered only 200.

By reference to the consent judgment of 11 March, 1915, it will be seen that the parties and the court treated the restraining order upon the idea that the same had been operative upon the strip of land lying

in between the J. H. Smith and the W. F. or Floyd Cook lines shown on the map. The language used in the first paragraph of the restraining order being that the restraining order and injunction heretofore granted in this cause in favor of the plaintiffs against the defendant, the Champion Fiber Company, be and the same is hereby dissolved as to that part of the land included in said restraining order and injunction embraced in the tract of land conveyed by John H. McAden, executor, and others, to J. W. Ferguson lying to the north and outside of Welch grant 586.

It is manifest that the injunction was operative and enforced not only as to the 200 acres, but also as to the 500 acres lying between the John H. Smith and the W. F. or Floyd Cook lines.

Our statute, Rev., 818, provides that "A judgment dissolving an injunction shall carry with it judgment for damages against the party procuring the injunction and the sureties on his undertaking without the requirement of malice or want of probable cause in procuring the injunction, which damages may be ascertained by a reference or otherwise, as the judge shall direct, and the decision of the court thereupon shall be conclusive as to the amount of damages upon all the persons who have an interest in the undertaking." This statute has been construed in several cases. *Timber Co. v. Roundtree,* 122 N. C., 45; *R. R. v. Mining Co.,* 117 N. C., 191; *Crawford v. Pearson,* 116 N. C., 718.

The contention that, because plaintiffs recovered a part of the land in dispute, they are exempt from all liability for damages by reason of the injunction cannot be sustained. It is now well settled that when an injunction is wrongfully issued as to any part of the plaintiff's demand, and is partially dissolved to that extent, the party enjoined will be entitled to such damages within the limit of the penalty of the bond as he may have sustained by reason of the issuing of the injunction. A. & E. Enc. of Law, vol. 16, pp. 464, 465, and cases cited; *Rice v. Cook,* 92 Cal., 144.

Upon the findings of fact the defendant is entitled to judgment against plaintiffs and surety, the United States Fidelity and Guaranty Company, for the sum of $5,000, the aggregate penalties of the two undertakings.

Reversed.