[No. 18584. Department Two. December 18, 1924.]

CHARLES O. CLEM et al., Respondents, v. MICHAEL HUNZ et al., Appellants.[1]

INJUNCTION (77)—ACTION ON BOND—RIGHT OF ACTION—PARTIAL DISSOLUTION OF BOND. The partial dissolution of a temporary injunction restraining the taking of any water from a ditch, by a final decree apportioning the water between the parties, is such a breach of the injunction bond as to entitle the obligee to maintain an action thereon for the damages sustained through the issuance of the injunction.

SAME (78)—ACTION ON BOND—EVIDENCE—SUFFICIENCY. The damages sustained through the issuance of a bond, upon a temporary injunction restraining the taking of water from an irrigation ditch, is a question for the jury, where the testimony of two civil engineers who measured the water was contradictory as to the value of the excess water to which the obligee in the bond was entitled, one testifying that it was of no value and the other that it was sufficient to irrigate fifteen acres of land.

Appeal from a judgment of the superior court for Pend Oreille county, Carey, J., entered November 24,

[1]Reported in 231 Pac. 7.

1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on an injunction bond. Affirmed.

*E. L. Sheldon,* for appellants.

*E. T. Brigham,* for respondents.

MAIN, C. J.—By the second amended complaint in this action, which will hereinafter be referred to as the complaint, the plaintiffs sought recovery upon an injunction bond. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $300 damages. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were interposed, both of which were overruled. Judgment was entered upon the verdict, and the defendants appeal.

The essential facts are as follows: The respondents are the owners of a tract of farm land in Pend Oreille county. The appellants Hunz and wife, who will be referred to as though they were the only appellants, own a tract of land lying to the east of that of the respondents. The appellants own a water right on Trimble creek and an irrigation ditch running from that creek across the land of the respondents. The intake of the ditch is to the west of both tracts of land. The water from the ditch is used by the appellants to water their land, which lies to the east of that of the respondents. On May 30, 1922, the respondents in this action opened the side of the main ditch where it crosses over their land and allowed water from the ditch to flow over their land for the purpose of irrigation. On the day following, May 31st, the appellants in this action brought an action against the respondents for injunctive relief and caused a restraining order to be issued which prohibited the respondents here (the defendants in that action) from in any manner interfer-

ing with, obstructing or diverting the flow of water in the ditch across their land.

On the 10th of June, 1922, a hearing was had before the court and an order was entered continuing the restraining order in full force and effect until the final determination of the cause, and a bond was required in the sum of $500. The cause came on for trial on the 4th day of January, 1923, and the result of that action was that the temporary injunction was modified materially. In the decree in that case it was provided that, in the event that the flow of the waters of Trimble creek should exceed one cubic foot per second of time, such excess should be divided between the plaintiffs and the defendants in that action in the ratio of two and a half to one, and the defendants should have the right to use the ditch for the purpose of carrying their portion of the water to their land; provided that, if it should become necessary to enlarge the ditch in order to carry such additional water, such enlargement and improvements should be made at the cost and expense of the defendants therein. After the findings, conclusions and judgment were entered in that case, the present action was brought upon the bond, claiming that, since the temporary injunction upon the final hearing had been set aside and modified as to the matters just mentioned, the respondents had a cause of action thereon.

The appellants' first proposition is that a right of action will not accrue on an injunction bond for damages unless the cause in which the bond was given was terminated adversely to the plaintiffs, and this may be accepted as a correct statement of the law as a general proposition. Applying the rule to the facts in this case, the respondents would have a cause of action on the bond, provided that there is such action when the temporary injunction upon the final hearing

is sustained in part and set aside as to a material part or parts. The rule, supported by what appears to be the preponderating authority, as well as that supported by the better reason, is that the partial dissolution of an injunction by a final decree is such a breach of the obligation of the bond as to give the obligee a right of action thereon. In *Rice v. Cook,* 92 Cal. 144, 28 Pac. 219, upon this question it is said:

"The contention that the condition of the injunction bond was not broken because the plaintiff in that action recovered judgment for a part of the property sought to be recovered therein, is untenable, for the reason that, if the injunction was wrongfully issued as to any part of plaintiff's demand, and it is partially dissolved to that extent, he will be entitled to such damages, within the limit of the penalty of the bond, as he may have sustained by reason of the issuing of the injunction."

In *Davis v. Champion Fiber Co.,* 175 N. C. 25, 94 S. E. 671, it is said:

"The contention that, because plaintiffs recovered a part of the land in dispute, they are exempt from all liability for damage by reason of the injunction cannot be sustained. It is now well settled that when an injunction is wrongfully issued as to any part of the plaintiff's demand, and is partially dissolved to that extent, the party enjoined will be entitled to such damages within the limit of the penalty of the bond, as he may have sustained by reason of the issuing of the injunction."

Other cases and authorities might be cited in support of the proposition, but the rule as above stated is generally supported by the authorities and the cases need not be assembled here. It is true that the supreme court of Louisiana, and probably one or two others take the opposite view. In the present case, the temporary injunction was absolute and forbade the defendants in that action, the respondents here, in any

manner taking water from the ditch or interfering therewith. Upon the final hearing, they were decreed a certain portion of the water above a certain amount and given certain rights in the ditch. This was giving to them substantial rights which had been denied to them in the temporary injunction. They had a cause of action upon the bond, provided they were able to make proof of their damages. .

The case of *Yarwood v. Cedar Canyon Consolidated Mining Co.*, 37 Wash. 56, 79 Pac. 483, is not controlling. There the parties enjoined were entitled to become tenants in common of a mineral vein upon payment of their portion of the purchase price, and it was held that, since their right to possession was only inchoate, an injunction ousting them was not wrongful, in the absence of a tender of payment by them. In the present case, as adjudicated in the final decree, the respondents had a present right in the ditch to improve and enlarge the same and to a portion of the water above a certain amount. Their right was present and was more than inchoate.

The second question is whether the evidence is sufficient to sustain the verdict. One witness, a civil engineer, testified that he had measured the water in the ditch between the 3d and 5th of June, 1922, and that there was flowing therein about 1.12 feet per second of time. He also testified that the respondents' portion of the water in excess of one cubic foot per second of time would be, if divided one part to the plaintiffs and two and one-half parts to the defendants, according to the decree, almost sufficient to irrigate fifteen acres of land. Another witness, also a civil engineer, testified that he had measured the water in the ditch on one or two occasions, that one cubic foot of water per second of time would irrigate one hundred acres of land, and that if the excess over one cubic foot flowing in

the ditch at the time he made the measurements were divided between the parties according to the decree, the quantity of water belonging to the defendants in that action, the respondents here, would be so small that it would be impracticable to irrigate with it, as it would be absorbed by the ditch and there would be no water left by the time it would get to the land to be irrigated. Under this testimony the question was one for the jury.

It is also suggested that the testimony as to the damages was too indefinite and uncertain to be made the basis of an action. Without reviewing the testimony in this respect it may be said that we think the testimony was sufficiently definite upon which to base a recovery.

The appellants also argue that the complaint does not state a cause of action. This presents substantially the same question as the motion for judgment notwithstanding the verdict. If the evidence, as we have found, was sufficient to take the case to the jury, the complaint states a cause of action, because it alleges the ultimate facts which the evidence supported and upon which the verdict was based.

The judgment will be affirmed.

MITCHELL, FULLERTON, MACKINTOSH, and PEMBERTON, JJ., concur.