JONES ET AL. *v.* STAWICKI ET AL.

[No. 18,261. Filed June 12, 1953. Rehearing denied October 7, 1953. Transfer denied January 7, 1954.]

*Albert L. Doyle,* of Mishawaka, for appellants.

*Roland Obenchain, Jr.,* and *Jones, Obenchain & Butler,* of South Bend, for appellees.

CRUMPACKER, J.—As the result of adversary proceedings the St. Joseph Probate Court decreed the adoption of Walter Michael Jones by the appellees K. Walter Stawicki and his wife Nora Lee Stawicki. At the time of his adoption "Mikey," as he is referred to in the transcript and briefs of counsel, was a child four years of age born out of wedlock to the appellant Rosemary Jones who, after these proceedings were instituted, married the child's putative father Gayle A. Jones and he is made a party defendant to answer to his interests. Having been unable to procure the consent of "Mikey's" mother to the proposed adoption, the appellees base their petition on the theory that he had been abandoned or deserted by her for six months or more immediately preceding the date their petition was filed and therefore, "Mikey" having been born out of wedlock, such consent was unnecessary as provided by Acts of 1941, ch. 146, §6, as amended. (Sec. 3-120, Burns' 1946 Replacement.) The court so found, granted the petition and entered judgment accordingly.

The appellants assail this judgment for several reasons, the first of which charges that the evidence is insufficient to justify the court in finding that Rosemary had either abandoned or deserted "Mikey" at any time. The bill of exceptions containing the evidence consists of 563 pages of typewritten matter and the testimony of eight witnesses covering 50 pages thereof is wholly omitted from the narrative recital of the evidence in the appellants' brief. There were a number of exhibits admitted in evidence, none of which is set out nor are we informed as to where they can be found in the transcript. As the only ultimate fact in issue in the trial of this case is the

charge that the infant involved had been abandoned by his mother for six months or more prior to the institution of these proceedings, it is inconceivable that the testimony of eight witnesses and the contents of a number of exhibits had no reference to that issue and were admitted in evidence to no purpose. Much of the narrative recital of evidence set out in the appellants' brief abounds in conclusions of the narrator. For example, we cite the following: "There never was any idea of adoption until they filed their petition." "Petitioners understood it was a temporary arrangement and that as soon as the mother was well she would want the child back." "Mr. Stawicki admitted they received money and clothing for the child and again admitted receiving $10 from the child's parents." "Mr. Tolle based his objections to this proposed adoption on frequent divorces of petitioner Mrs. Stawicki." This indicates that, to some extent at least, what the appellants offer as a condensed recital of the evidence is merely their interpretation of what such evidence discloses. All of the evidence recited by the appellants is unfavorable to the court's decision and an examination of the record discloses that the testimony of the eight witnesses, which is entirely omitted from the appellants' brief, contains much that bears directly on the issue of abandonment. Under such circumstances we cannot say that the appellants have made a good faith effort to comply with Rule .2-17 and we are constrained to hold that no question which depends for its solution on a review of the evidence is before us. *Gilkison* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473, and cases cited.

There is one question in this appeal, however, which does not involve a consideration of the evidence. The

appellants insist that the court failed to adjudicate the matter of either abandonment or desertion but only made a finding in reference thereto. They say there is a difference between a "finding" and an "adjudication" and that §3-120, *supra*, upon which this proceeding rests, requires the adjudication of these issues. There may be technical virtue in this position but both abandonment and desertion are questions of fact and one or the other must be found to exist before adoption can be decreed. This the court did and in the sense that "to find" means to ascertain and declare an issue of fact by judicial inquiry it is an adjudication of such issue and the use of the word "find" satisfies the statute.

Nevertheless the appellants contend that the finding, even if considered an adjudication, does not meet the statutory requirements in that it merely establishes the fact that the appellant Rosemary abandoned her child "more than six months prior to the filing of the petition herein" but fails to find that such abandonment was continuous for a period of six months. They base this contention on facts found specially by the court notwithstanding no request for special findings was made by either party. Under such circumstances we must treat the findings as a general one, (*Delaney* v. *Gubbins* (1914), 181 Ind. 188, 104 N. E. 13; *C. & E. I. Ry. Co.* v. *Public Service Commission* (1933), 205 Ind. 253, 186 N. E. 330; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102) and in the absence of all the relevant evidence we must assume that the appellees established the essential elements of their case.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 886.