[No. 1576-2.    Division Two.    October 8, 1975.]

SWISS BACO SKYLINE LOGGING Co., *Respondent*, v. EMIL HALIEWICZ, ET AL, *Appellants*.

*Fred D. Gentry* (of *Bean, Gentry & Rathbone*), for appellants.

*Jerome L. Buzzard* (of *Buzzard & Glenn*), for respondent.

PEARSON, J.—This is an interlocutory appeal from an order exonerating a surety bond which had been posted by plaintiff Swiss Baco Skyline Logging Company to support a temporary restraining order issued pursuant to CR 65(c). We treat the appeal as an application for extraordinary review under CAROA 57(b) because the order would operate to deny defendant Emil Haliewicz an effective action against the security in the event the restraining order, now dissolved, is later determined wrongfully issued.

The only question raised is whether the bond was properly exonerated prior to any judicial determination on the merits as to whether the temporary restraining order itself was properly issued. We do not believe that the action was proper, and therefore we reverse.

In March 1974 Swiss Baco sued Haliewicz, a former president of Swiss Baco, seeking money damages for conversion of corporate assets. At the same time a restraining order was obtained which prohibited Haliewicz from dealing with or disposing of any property, money, securities, or contracts without court authority, pending a hearing on Swiss Baco's application for a prejudgment writ of attachment. To support the temporary restraining order two bonds were initially posted. *See* CR 65(c). One in the amount of $5,000 was executed by Swiss Baco as principal and Safeco Insurance Company as surety. This bond is not subject to the order appealed from and is not involved in this appeal. The second bond, for $15,000, was secured by a certificate of deposit purchased by Swiss Baco and deposited with the Thurston County Clerk.

In April 1974 the trial court authorized a prejudgment attachment conditioned on posting a $150,000 bond by Swiss Baco. When the latter failed to post the bond, the temporary restraining order was dissolved. Swiss Baco then moved for exoneration of its bond and return of the certificate of deposit.

Defendant opposed the motion and moved, pursuant to CR 65.1, for a determination that the restraining order had been wrongfully procured and for assessment of damages. The trial court ruled that because of the nature of the primary controversy still to be litigated a determination of the propriety of the restraining order must await a trial of the lawsuit on the merits. Nevertheless, the court granted Swiss Baco's motion and ordered its bond exonerated and the security returned.

Initially it is necessary to distinguish a restraining order from the security required to support it. A restraining order is an extraordinary remedy and its issuance is largely within the discretion of the trial court. It may be granted without a full hearing on the merits if the party seeking relief presents a prima facie case establishing a right to the order. *Isthmian S.S. Co. v. National Marine Eng'rs' Beneficial Ass'n*, 41 Wn.2d 106, 247 P.2d 549 (1952). Thus restraining orders have great potential for abuse and historically courts have been reluctant to grant them. Gradually, to protect the courts and defendants from misrepresentation and to provide indemnity for defendants if a restraint was wrongfully procured, the courts began to exact security as the price for this injunctive relief. *See* Note, 73 Harv. L. Rev. 333, 334 (1959). The security requirement as it exists today accomplishes two things. First, it is a condition to obtaining injunctive relief between private parties. *Irwin v. Estes*, 77 Wn.2d 285, 461 P.2d 875 (1969). Second, it provides a remedy to the restrained party if it is later determined restraint was erroneous in the sense that it would not have been ordered had the court been presented all the facts. *American Bible Soc'y v. Blount*, 446 F.2d 588 (3d Cir. 1971).

[2] In the case at bench, the bond which Swiss Baco executed is that provided for in CR 65(c), which states:

> [N]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party *who is found* to have been wrongfully enjoined or restrained.

(Italics ours.) The word "found" is the past tense and past participle of the word "find" which, in law, has been defined to mean "to ascertain by judicial inquiry." *Brooks v. Stewart*, 97 Cal. App. 2d 385, 218 P.2d 56 (1950); *Jones v. Stawicki*, 124 Ind. App. 218, 112 N.E.2d 886 (1953). Thus it is apparent that CR 65(c) contemplates a judicial inquiry into the propriety of the issuance of an injunctive remedy before a cause of action arises against the security.

Other jurisdictions faced with the same issue have construed similar rules and statutes to require that liability on security supporting injunctive relief can only arise after a judicial determination that relief was erroneously granted. *American Bible Soc'y v. Blount, supra; Northeast Airlines, Inc. v. Nationwide Charters & Conventions, Inc.*, 413 F.2d 335 (1st Cir. 1969); *M. Blatt Co. v. Southwell*, 259 N.C. 468, 130 S.E.2d 859 (1963); *Sheridan County Elec. Co-op. v. Ferguson*, 124 Mont. 543, 227 P.2d 597 (1951); *Janssen v. Shown*, 53 F.2d 608 (9th Cir. 1931); *Vitagraph Co. of America v. Stewart*, 170 N.Y.S. 527 (1918). Such a determination might be the final judgment in the case in which the injunction or restraining order was issued or something equivalent thereto which establishes the wrongfulness of the restraint. *Sheridan County Elec. Co-op. v. Ferguson, supra;* and see *Blakiston v. Osgood Panel & Veneer Co.*, 173 Wash. 435, 23 P.2d 397 (1933); *Clem v. Hunz*, 132 Wash. 14, 231 P. 7, 40 A.L.R. 987 (1924); *Tacoma v. Sperry & Hutchinson Co.*, 82 Wash. 393, 144 P. 544 (1914). But dissolution of a restraining order for reasons unrelated to the merits of the case, as here, is not such a determination.

■ Upon the filing of its bond and security Swiss Baco

was granted the remedy it sought: Haliewicz was restrained for the duration of the order from doing the acts set out in Swiss Baco's application. However, by returning the bond and security upon lifting the restraint the court deprived Haliewicz of the remedy contemplated by the rule in the event he was subsequently found to have been wrongfully restrained. Since no cause of action or liability can arise against the security until that determination is made, the trial court in effect destroyed Haliewicz' cause of action against the security before it ever arose. *Nuclear Electronic Laboratories, Inc. v. William C. Cornell Co.*, 239 Cal. App. 2d 8, 48 Cal. Rptr. 416 (1965).

Swiss Baco contends that the restraining order did not prevent Haliewicz from utilizing his assets, since it provided that he could apply to the court if the need arose. Consequently, no damages could flow from the court's supervision of his use of funds. The trial court, however, found it could make no determination as to whether Haliewicz was damaged by the restraining order or that it was wrongfully issued prior to adjudication of the conversion action.

Accordingly, the bond and security should be retained until the necessary factual issues have been judicially determined.

The order appealed from is reversed.

PETRIE, C.J., and REED, J., concur.