# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 MAR 20 AM 8:47
COURT OF APPEALS DIV I

| | |
|---|---|
| BULK FR8, LLC, | No. 75108-5-I |
| Respondent, | DIVISION ONE |
| v. | |
| MATTHEW SCHULER; DEREK BROWN; and TOTAL CONNECTION LOGISTIC SERVICES, INC., a New Jersey corporation, | UNPUBLISHED |
| | FILED: March 20, 2017 |
| Appellants. | |

Cox, J. — Matthew Schuler, Derek Brown, and Total Connection Logistic Systems Inc. (collectively "Schuler") appeal three orders. They include the trial court's grant of voluntary dismissal to Bulk FR8 LLC, the exoneration of the bond for the TRO posted by that company, and the denial of attorney fees.

The court did not abuse its discretion in dismissing this action. Likewise, it did not abuse its discretion in exonerating the bond for the TRO. There was no abuse of discretion in denying attorney fees based on the frivolous action statute. But the court erred by not awarding fees to Total Connection based on the long-arm statute. We affirm in part, reverse in part, and remand.

Matthew Schuler and Derek Brown are former employees of Bulk FR8 LLC, a transportation firm. Originally independent contractors, the two later became employees of the firm. Upon becoming employees, they both signed noncompete agreements.

Eventually both left Bulk FR8 and went to work for Total Connection, a New Jersey based competitor to Bulk FR8. Soon after, Bulk FR8 began contacting Matthew Schuler and Derek Brown, claiming their new employment violated the noncompete agreements they had signed.

Bulk FR8 followed upon these communications by bringing this action against Schuler. It simultaneously moved for a temporary restraining order. The court granted the TRO, enjoining Matthew Schuler and Derek Brown from working for Total Connection and set a return date for the preliminary injunction hearing to follow. The trial court conditioned the TRO upon Bulk FR8 posting a $50,000 security bond. Bulk FR8 duly posted a cash bond in this amount.

On December 21, 2015, the trial court denied Bulk FR8's request for a preliminary injunction. In its order, the court stated that "substantial issues exist as to the legal enforceability of the 'Noncompete/Nondisclosure' agreement and, therefore, the court cannot find that plaintiff has demonstrated a clear legal or equitable right as required to obtain a preliminary injunction."[1] Accordingly, a criterion for the issuance of an injunction was not met.

---

[1] Clerk's Papers at 115.

Thereafter, Bulk FR8 moved for an order exonerating the bond it posted for the TRO. The court considered "the motion, the response, and the reply."[2] Based on the record then before it, the court entered an order on February 19, 2016 to exonerate the bond.

Bulk FR8 then moved for voluntary dismissal of its action. It did so without providing Schuler notice of its motion. On March 1, 2016, a court commissioner of the ex parte department of the court granted the motion and dismissed the case.

After receiving notice of the dismissal of the action, Schuler moved for costs, attorney fees, and discovery sanctions.[3] In the alternative, it sought vacation of the order of dismissal.[4]

On March 29, 2016, the court entered its order on this motion. It denied attorney fees based on its conclusion that Schuler was not a "prevailing party."[5] It also stated that "plaintiff failed to give defendants *required* notice of its motion for voluntary dismissal," but that Schuler was "not denied any substantial right under the circumstances."[6] Finally, the court imposed discovery sanctions on Bulk FR8 for its officer's failure to attend a scheduled deposition.

Schuler appeals.

---

[2] Id. at 231.

[3] Id. at 235.

[4] Id.

[5] Id. at 338.

[6] Id. (emphasis added).

3

## VOLUNTARY DISMISSAL

Schuler argues that Bulk FR8's motion for voluntary dismissal should not have been granted. We hold that the trial court did not abuse its discretion in granting the motion for voluntary dismissal.

CR 41 controls this question. In relevant part, it states:

**(a) Voluntary Dismissal.**
(1) *Mandatory.* . . . any action *shall* be dismissed by the court:
. . . .
(B) By Plaintiff Before Resting. Upon motion of the plaintiff at *any time before plaintiff rests at the conclusion of plaintiff's opening case.*
. . . .
(3) *Counterclaim.* If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion for dismissal, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.[7]

There are two threshold questions. The first is whether Bulk FR8 was required to give notice of its motion for voluntary dismissal to Schuler. The second is whether the superior court ex parte department properly dismissed the action.

We review de novo the trial court's application of court rules.[8]

*Notice of Motion*

Relying on the supreme court's decision in McKay v. McKay,[9] Schuler argues that it was entitled to notice of the motion to voluntarily dismiss the action.

---

[7] (Emphasis added.)

[8] Spokane County v. Specialty Auto and Truck Painting, Inc., 119 Wn. App. 391, 396, 79 P.3d 448 (2003).

[9] 47 Wn.2d 301, 287 P.2d 330 (1955).

4

Bulk FR8, relying on language in Greenlaw v. Renn,[10] argues to the contrary. Specifically, it relies on the following language in that Division Two case:

> Although CR 41 does not speak to notice, the fact that the motion can be made at any time before the plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required. Indeed, motions for voluntary nonsuit are often made orally at trial, without substantial notice.[11]

We need not resolve this aspect of the dispute between the parties. In this case, the trial court expressly acknowledged in the order that it entered on March 29, 2016 that Bulk FR8 "failed to give [Schuler] *required* notice of its motion for voluntary dismissal . . . ."[12] The court went on to conclude that granting the dismissal did not deny "any substantial right under the circumstances" to Schuler.[13] We agree with this conclusion.

Assuming, as we do, that the trial court correctly stated that notice of the motion was required, the issue is whether Schuler was denied any substantial right under the circumstances. Schuler fails to identify any such right.

In its briefing on appeal, the sole "right" it identifies is to a decision by the trial court whether there was a wrongful injunction that entitled it to damages.[14] On this record, however, Schuler failed to make out its claim in its response below to Bulk FR8's motion for release of bond. In short, there is no showing of

---

[10] 64 Wn. App. 499, 824 P.2d 1263 (1992).

[11] Id. at 503-04.

[12] Clerk's Papers at 338 (emphasis added).

[13] Id.

[14] Appellants' Opening Brief at 18.

5

any damages or other charges that could have been made against the bond. Thus, it is difficult to see why the exoneration of the bond was prejudicial to Schuler at the time the order was entered. Schuler has failed to convincingly argue otherwise.

### Ex Parte Rules

A related argument is Schuler's claim that the King County Local Civil Rules did not permit the superior court's ex parte department to decide the motion to dismiss. We need not answer this question either.

The March 29, 2016 order, fairly read, also addressed this point. As stated, this order recognized the requirement for notice. In so concluding, the trial court implied that the ex parte department was the improper place for filing.

But, again, the issue is whether there was any prejudice to Schuler under the circumstances of this case to such a filing. Schuler fails to make any such showing. The motion to dismiss was properly granted, and there is no showing of prejudice under the circumstances of this case.

Our decision in this case should not be taken as authority for the proposition either to not give notice of motions, as required, or to file motions in an improper department. Rather, we decide this case on its facts and conclude there was no prejudice to Schuler, as did the trial court.

### Mandatory Dismissal

The final question is whether dismissal was mandated in this case. The plain words of CR 41 require that we answer that question in the affirmative.

The rule states that voluntary dismissals "shall" be granted on condition that other provisions of the rule are satisfied.[15] The word "shall" is mandatory.[16]

One of these conditions is that the motion is made "***any time before plaintiff rests at the conclusion of plaintiff's opening case.***"[17] It is undisputed that this condition was met in this case.

The other condition arises where a counterclaim exists.[18] It is also undisputed that there was no counterclaim at the time of the motion in this case.

In sum, the trial court did not abuse its discretion in granting the voluntary dismissal in this case.

## EXONERATION OF BOND

Schuler argues that the trial court abused its discretion in exonerating the bond Bulk FR8 posted as security for the TRO. We disagree.

CR 65(c) requires the posting of a bond as a condition to issuance of a TRO. The bond serves as a "remedy to the restrained party if it is later determined restraint was erroneous in the sense that it would not have been ordered had the court been presented all the facts."[19] Specifically, its purpose is

---

[15] CR 41(a)(1).

[16] Matter of K.J.B., __ Wn.2d __, 387 P.3d 1072, 1077-78 (2017).

[17] CR 41(a)(1)(B) (emphasis added).

[18] CR 41(a)(3).

[19] Swiss Baco Skyline Logging Co. v. Haliewicz, 14 Wn. App. 343, 345, 541 P.2d 1014 (1975).

to provide "payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."[20]

We review de novo the trial court's application of court rules.[21]

Schuler cites to Swiss Baco Skyline Logging Co. v. Haliewicz,[22] but that case does not help his position. Swiss Baco Skyline Logging Co. (Swiss Baco) had sued Emil Haliewicz and others for conversion of corporate assets.[23] It moved for a TRO to enjoin Haliewicz from dealing with the relevant assets pending a hearing for a prejudgment writ of attachment.[24] Swiss Baco appropriately posted a security bond.[25]

The trial court later authorized the prejudgment attachment sought, conditioned on Swiss Baco posting a larger bond.[26] Swiss Baco failed to do so and the trial court dissolved the earlier TRO.[27] Swiss Baco then moved for exoneration of its original security bond.[28] Haliewicz opposed exoneration and moved for the trial court to determine whether Swiss Baco had wrongfully

---

[20] CR 65(c).

[21] Specialty Auto and Truck Painting, Inc., 119 Wn. App. at 396.

[22] 14 Wn. App. 343, 345, 541 P.2d 1014 (1975).

[23] Id. at 344.

[24] Id.

[25] Id.

[26] Id. at 345.

[27] Id.

[28] Id.

procured the TRO and to assess any appropriate damages.[29] But the trial court granted Swiss Baco's motion.[30]

Division Two of this court reversed the exoneration.[31] It explained that the trial court should have determined the propriety of the TRO before releasing the security bond.[32] By failing to do so, the trial court had "deprived Haliewicz of the remedy contemplated by the rule in the event he was subsequently found to have been wrongfully restrained."[33] In effect, the trial court had "destroyed Haliewicz's cause of action against the security before it ever arose."[34]

The facts in this case are different. Schuler opposed the motion to exonerate the bond, with full opportunity to make his claim against it. That effort failed.

Bulk FR8 moved to release the bond on January 25, 2016. Schuler filed a response to that motion on February 16, 2016, arguing that release was improper until the trial court determined whether the TRO was wrongful. But Schuler neither made any argument that the TRO was wrongful nor identified any damages. Bulk FR8 identified this shortcoming in its reply by arguing that Schuler could not show the TRO caused him damages.

---

[29] Id.

[30] Id.

[31] Id. at 347.

[32] Id. at 346-47.

[33] Id. at 347.

[34] Id.

In its order exonerating the bond on February 19, 2016, the trial court noted that it had considered these pleadings. In the absence of any showing of damages from the TRO, the trial court was fully justified in exonerating the bond. There was no abuse of discretion.

## ATTORNEY FEES

### The Long-Arm Statute

Schuler argues that Total Connection is entitled to attorney fees under the Washington long-arm statute. We agree.

A court cannot award fees absent a supporting contract, statute, or recognized ground of equity.[35] The long-arm statute, codified at RCW 4.28.185, enables parties to hail into court out-of-state defendants. When an out-of-state defendant "prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."[36]

Following voluntary dismissal, a trial court retains the requisite authority to consider a defendant's motion for fees when made under statute.[37] The trial court is to award fees if it "finds that the justice of the case requires it."[38]

---

[35] Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 142-43, 937 P.2d 154 (1997).

[36] RCW 4.28.185(5).

[37] See Andersen v. Gold Seal Vineyards, Inc., 81 Wn.2d 863, 867-68, 505 P.2d 790 (1973); Escude ex rel. Escude v. King County Public Hosp. Dist. No. 2, 117 Wn. App. 183, 192, 69 P.3d 895 (2003).

[38] Andersen, 81 Wn.2d at 868.

We review for abuse of discretion the award of fees under the long-arm statute.[39]

The issue is whether Total Connection was a prevailing party under this statute. In Andersen v. Gold Seal Vineyards, Inc., the supreme court clarified that a party need not succeed on the merits to "prevail[] in the action."[40] In that case, Robert Andersen had sued Gold Seal Vineyards, Inc. ("Gold Seal") after the plastic stopper on a wine bottle struck him in the eye.[41] Gold Seal then brought a third party indemnity action against Sparkletop, the supplier's foreign supplier.[42] But midway into trial, Gold Seal moved for voluntary dismissal of its third party complaint.[43] Sparkletop successfully moved against Gold Seal for the costs and fees incurred in defense.[44]

Gold Seal appealed, arguing Sparkletop was not the prevailing party because the trial court had not entered an affirmative judgment in its favor.[45] The court disagreed, applying the "general rule pertaining to voluntary nonsuits, that the defendant is regarded as having prevailed" under the long-arm statute.[46] Thus, "where a plaintiff voluntarily dismisses his action, the defendant is entitled

---

[39] Id. at 867-68.

[40] 81 Wn.2d 863, 864, 505 P.2d 790 (1973) (quoting RCW 4.28.185(5)).

[41] Id. at 864.

[42] Id.

[43] Id. at 864-65.

[44] Id. at 865.

[45] Id.

[46] Id. at 868.

11

to costs."[47] It further explained this rule applied whether or not the dismissal was with prejudice.[48]

Here, the trial court improperly concluded Total Connection was not a prevailing party for purposes of the long-arm statute. No party disputes that Total Connection was an out-of-state defendant. Andersen dictates that once the trial court granted Bulk FR8's motion for voluntary dismissal, Total Connection became a prevailing party. The trial court improperly concluded otherwise. Thus, Total Connection is entitled to fees under RCW 4.28.185(5).

On the same basis, it is also entitled to attorney fees on appeal.

We remand this matter to the trial court for a determination of the amount of fees for trial and for appeal that Total Connection is entitled to receive.

Bulk FR8 argues that Andersen does not apply. It argues instead that a defendant only prevails under the long-arm statute when it obtains a dismissal for lack of personal jurisdiction. It cites two cases wherein courts awarded fees on this basis.[49] But neither case held that a party could prevail only upon that basis. Examination of each is instructive.

The first case, Scott Fetzer Co., Kirby Co. Division v. Weeks[50] held that a party could prevail in an action for purposes of attorney fees under the long-arm

---

[47] Id. at 865.

[48] Id. at 867.

[49] See Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wn.2d 109, 124, 786 P.2d 265 (1990); CTVC of Haw., Co., Ltd. v. Shinawatra, 82 Wn. App. 699, 722, 919 P.2d 1243 (1996).

[50] 114 Wn.2d 109, 124, 786 P.2d 265 (1990).

statute if it successfully challenges personal jurisdiction. In that case, a Washington vacuum manufacturer brought an action for tortious interference against a vacuum retailer domiciled in Texas.[51] The retailer successfully challenged personal jurisdiction and the trial court dismissed claims against it.[52] The trial court also granted attorney fees under the long-arm statute to the retailer.[53] The court of appeals reversed, holding that fees were not available unless the awarded party prevailed on the merits.[54]

Reversing that conclusion, the supreme court held that the long-arm statute has no such "'merits' limitation."[55] In doing so, it noted precedents upholding awards ordered under this statute when the awarded party prevailed on the merits.[56] It did not dispute that a party could "prevail" on the merits but it also concluded that these precedents did not bar a party from prevailing on other grounds.[57] In support of this interpretation, it cited Andersen wherein the trial

---

[51] Id. at 111.

[52] Id.

[53] Id.

[54] Id. at 112.

[55] Id.

[56] Id. at 112-16 (citing State v. O'Connell, 84 Wn.2d 602, 528 P.2d 988 (1974), abrogated on other grounds by Scott Fetzer Co., Kirby Co. Div., 114 Wn.2d 109; Chemical Bank v. WPPSS, 104 Wn.2d 98, 702 P.2d 128 (1985), abrogated on other grounds by Scott Fetzer Co., Kirby Co. Div., 114 Wn.2d 109; Mahnkey v. King, 5 Wn. App. 555, 489 P.2d 361 (1971), abrogated on other grounds by Scott Fetzer Co., Kirby Co. Div., 114 Wn.2d 109).

[57] Id. at 112-14.

court properly ordered an award to a defendant who prevailed on the procedural

basis of the plaintiff's voluntary nonsuit.[58]

After concluding that a party could sufficiently prevail on purely

jurisdictional grounds, the court examined the "proper scope of fees awards."[59]

Its discussion on that scope suggests that a party can prevail on other than

jurisdictional grounds. It established two principles to govern that scope:

> First, a prevailing defendant should not recover more than an
> amount necessary to compensate him for the added litigative
> burdens resulting from the plaintiff's use of the long-arm statute.
> ***Second, where the defendant prevails by obtaining a ruling
> that jurisdiction under the long-arm statute does not properly
> lie,*** his award should not exceed the amount in attorney fees he
> would have incurred had he presented his jurisdictional defense as
> soon as the grounds for the defense became available to him.[60]

Of these two principles, one applies to all fee awards under the long-arm

statute, and the other, as emphasized, applies only to those awards ordered to

compensate a party prevailing jurisdictionally. This distinction implies that while

fee awards may be ordered for jurisdictional success, they are not limited to that

context. Precedent, noted above, affirming awards ordered to parties that prevail

upon the merits of an action furthers this conclusion.

The second case cited, CVTC of Hawaii, Co., Ltd. v. Shinawatra,[61] applied

the principle expounded in Scott Fetzer and affirmed the trial court's fee award to

---

[58] Id. at 112.

[59] Id. at 120.

[60] Id. (emphasis added).

[61] 82 Wn. App. 699, 722, 919 P.2d 1243 (1996).

a party who prevailed jurisdictionally. But it did not hold that such an award is unavailable where jurisdiction is not at issue.

The rules in Andersen and Scott Fetzer indicate that fee awards under the long-arm statute are not limited to parties who prevail jurisdictionally. Andersen held that a fee award was authorized for the out-of-state defendant when the plaintiff obtained a voluntary nonsuit. Scott Fetzer pointed to decisions wherein awards were authorized to a party who prevails on the merits but not necessarily on the jurisdictional question. And Scott Fetzer itself, in restricting the scope of possible awards, implied an award might be ordered for a party who prevails other than jurisdictionally. Thus, a party can prevail under the long-arm statute on other than jurisdictional grounds, including when its opponent obtains a voluntary nonsuit.

Bulk FR8 also argues that Andersen does not apply because the defendants there allegedly expended more efforts in litigation than Total Connection has in this case. But that case did not rest its holding on the scale of such efforts. And it recognized the trial court's discretion in determining how justice should affect the size of any award, allowing the trial court to consider the extent of expended effort.[62] Thus, if such a distinction exists, it is irrelevant.

Our decision on fees under the long-arm statute only applies to Total Connection, as the only defendant who is out of state. It is not to be taken as authority for fees for any other defendant.

---

[62] Andersen, 81 Wn.2d at 868.

15

*Frivolous Action*

Schuler also argues the trial court improperly concluded he was not entitled to fees under the frivolous action statute. We disagree.

Under the frivolous action statute, codified at RCW 4.84.185, the trial court may:

> upon **written findings** by the judge that the action, counterclaim, cross-claim, third party claim, or defense was **frivolous** and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

We review for abuse of discretion a trial court's determination whether an action was frivolous.[63]

As under the long-arm statute, a defendant prevails when the plaintiff obtains a CR 41(a)(1)(B) voluntary dismissal.[64] But even if the trial court finds that a party prevailed, the court must also make written findings that the action was frivolous.[65]

Here, the trial court did not make any findings that the action was frivolous. The absence of a written finding by the proponent of a finding generally means an adverse finding for that proposition.[66] Thus, we conclude the trial court decided that the action was not frivolous. In short, there was no basis

---

[63] Escude ex rel. Escude, 117 Wn. App. at 190.

[64] Id. at 193.

[65] RCW 4.84.185.

[66] See Ellerman v. Centerpoint Prepress, Inc., 143 Wn.2d 514, 524, 22 P.3d 795 (2001).

for an award of fees under this statute. There was no abuse of discretion in this respect.

*Contract*

Schuler also argued in the trial court for contractual attorney fees based on the noncompete agreements. But he has not maintained this argument on appeal. It is thus abandoned.[67]

We affirm the dismissal order, the order exonerating the bond, and the denial of fees based on the frivolous action statute. We reverse the denial of fees to Total Connection based on the long-arm statute and remand for consideration of the amount of fees for trial and appeal to be awarded to that party only.

Cox, J.

WE CONCUR:

---

[67] See Park Hill Corp. v. Don Sharp, Inc., Better Homes and Gardens, 60 Wn. App. 283, 287 n.4, 803 P.2d 326 (1991), rev'd on other grounds by Thompson v. Hanson, 168 Wn.2d 738, 239 P.3d 537 (2009).