Milton ORR, a minor, who sues by and through Leroy Orr, his father and next friend, Plaintiff,

v.

M. E. STUART, Defendant.

Civ. A. No. 1708.

United States District Court
W. D. Arkansas,
Fort Smith Division.

April 10, 1963.

**436**

Stipe, Gossett & Stipe, McAlester, Okl., Hardin, Barton & Hardin, Fort Smith, Ark., for plaintiff.

Daily & Woods, Gean, Gean & Gean, Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

On March 20, 1963, the defendant served and filed a motion to dismiss the complaint of plaintiff.

The motion is based upon the filing and dismissal of two prior suits. There is no factual dispute, and the only question before the court is whether the instant suit may be maintained in view of the dismissal of the two suits filed prior to the instant suit.

On October 30, 1962, the plaintiff commenced an action upon the same claim against the defendant in the District Court in and for Haskell County, Oklahoma. A short time after the commencement of the suit, which will be hereinafter referred to as the first suit, the present attorneys of the defendant were employed to represent him in the State suit and a short time thereafter the suit was voluntarily dismissed by plaintiff.

On January 17, 1963, the plaintiff commenced another suit, hereinafter designated as the second suit, in the United States District Court for the Eastern District of Oklahoma against the defendant on the same claim upon which the first suit was commenced.

The defendant filed a motion to quash the service of summons issued in the second suit, and on January 31, 1963, while the motion to quash the service in the second suit was pending, the attorney for the plaintiff wrote Honorable Luther L. Bohanon, United States District Judge for the Eastern, Northern and Western District of Oklahoma, as follows:

"Re: Milton Orr, a minor

—vs—

M. E. Stuart

"No. 5303–Eastern

District of Oklahoma.

"Dear Judge Bohanon:

"This is in response to a brief in support of defendant's Motion to Quash Return of Service of Sum-

mons, which the defendant has filed in the above case.

"We believe that the motion to quash should be sustained; however, we are unable to find a law to substantiate defendant's claim that the action should be dismissed. However, since it appears that it will be, in all probability, impossible to obtain service within this district upon the defendant, I am taking the liberty of submitting a proposed Order quashing the return of service of summons and dismissing plaintiff's complaint, without prejudice to his bringing a future action.

"If the enclosed order meets with your approval, I would appreciate your sending the original and two (2) attached copies to the clerk for his filing of the same, so that he may furnish the opposing counsel and us with a copy, showing his filing stamp thereon.

"With best personal regards, I am

"Respectfully yours,

"Clyde Stipe,

"Attorney at Law"

Upon receipt of the letter from plaintiff's attorney, the court entered the following order:

"IN THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF OKLAHOMA

| "MILTON ORR, a minor, who sues through and by LEROY ORR, his father and next friend, PLAINTIFF, | NO. 5303 |
|---|---|
| VS. | |
| M. E. STUART, DEFENDANT. | |

"ORDER

"Now this matter comes on for consideration, upon defendant's motion to quash the return of service of summons and to dismiss this cause of action, and after being advised in the premises, the Court finds:

"That the return of service of summons should be quashed and that this action should be dismissed, without prejudice to the plaintiff's bringing a future cause of action.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the return of service of summons herein is hereby quashed and that plaintiff's complaint be and is hereby dismissed, without prejudice to his bringing a future cause of action.

"/s/    Luther Bohanon

"LUTHER BOHANON, DISTRICT JUDGE."

—————◆—————

Following the entry of the above order, the plaintiff on March 6, 1963, commenced the instant action against the defendant on the same claims upon which the first and second suits, heretofore referred to, were based.

Section (a) (1) of Rule 41, Fed.R.Civ. P., provides that, "an action may be dis-

missed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

The plaintiff followed the above provision in dismissing his first suit. In other words, he merely filed a notice of dismissal with the Clerk of the State court in which the first suit had been commenced. Following the voluntary dismissal of the first suit, the plaintiff filed the second suit in the federal court for the Eastern District of Oklahoma. Summons was issued and served upon the defendant in the Western District of Arkansas by the United States Marshal for the Western District of Arkansas. Following the service of the summons in the Western District of Arkansas upon the defendant, he, through his present attorney, filed a motion to quash the service of summons, and while that motion was pending in the federal court in and for the Eastern District of Oklahoma, the attorney for the plaintiff wrote the presiding judge the letter hereinbefore set forth, and the court entered the order dismissing the second suit "without prejudice to his bringing a future cause of action."

The second sentence of Rule 41(a) (1) provides:

"Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

The defendant contends in support of his motion that the instant suit must be dismissed with prejudice because of the dismissal of the first and second suits, notwithstanding the provision in the order of the United States District Court that the plaintiff's complaint "be and is hereby dismissed, without prejudice to his bringing a future cause of action."

The defendant relies strongly upon the decision in Engelhardt v. Bell & Howell Company, 8 Cir. 1962, 299 F.2d 480.

Subsection (a) (2) of Rule 41 provides:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Under the prevailing practice, prior to the promulgation and adoption of the Federal Rules of Civil Procedure, a voluntary dismissal was no bar to the bringing of another suit on the same cause of action, and Rule 41(a) (1) adopts that as a general principle but makes the important exception: "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

The ease with which a voluntary dismissal may be secured in the early stage of an action under Rule 41(a) (1) made this provision or exception practically necessary to prevent an unreasonable use of dismissal. 5 Moore's Federal Practice, 2d Ed., Sec. 41.04.

When a plaintiff has dismissed his suit by filing with the Clerk of the Court a notice of dismissal or stipulation, as provided by Rule 41(a) (1), he has lost his power to effect a voluntary dismissal under Rule 41(a) (1) and a dis-

missal at his instance may only be had under Rule 41(a) (2) upon order of the court upon such terms as the court deems proper. Thus, when a plaintiff seeks to dismiss a second suit, the court has the power to weigh the equities and do justice in each case. The granting of the motion is within the court's discretion and is not a matter of right. 5 Moore's Federal Practice, 2d Ed., Sec. 41.05. "In the absence of a showing requiring dismissal upon special terms and conditions, dismissal may be without prejudice. The court may, however, condition dismissal without prejudice on the payment of defendant's costs and dismiss on the merits if the order is not complied with." 5 Moore's Federal Practice, 2d Ed., Sec. 41.10.

In Engelhardt, supra, the plaintiff commenced his first action on June 23, 1959, in the Circuit Court of the City of St. Louis. The cause was removed to the United States District Court for the Eastern District of Missouri on July 21, 1959. Jurisdiction for removal was based on diversity of citizenship and the amount involved. When the case was removed, the defendant filed a motion to dismiss the suit for lack of jurisdiction over the defendant or, in the alternative, a motion to quash service of process upon the defendant. On December 8, 1959, the court entered an order quashing the service of the process. Following the quashing of the service of process, the plaintiff on March 10, 1960, filed the following memorandum with the Clerk: "Plaintiff dismisses within cause, without prejudice and at plaintiff's costs." On March 8, 1960, two days prior to the filing of the notice of dismissal, the plaintiff had filed a second action against the defendant in the same state court, which action was removed as was the first action. After removal, the defendant again appeared specially and moved "to dismiss the petition herein and to quash the writ of attachment herein and writs of garnishment herein," basing such mo-

tion on jurisdictional venue and insufficient service of process grounds. In support of the motion the defendant filed affidavits and a memorandum. On May 11, 1960, plaintiff's counsel filed with the Clerk of the Court the following: "This is to advise you that we do not wish to argue the Motion to Dismiss filed by defendant in connection with the captioned case, and will agree to submit same." On June 30, 1960, plaintiff's counsel filed with the Clerk the following memorandum: "Plaintiff dismisses within cause, without prejudice and at plaintiff's costs." Dismissal of the second case was made prior to the District Court's ruling on the defendant's motion to dismiss.

Several months subsequent to the dismissal of the second action, the plaintiff brought suit on the same claim for the third time. Defendant again removed the case to the federal court and filed its motion for summary judgment, basing such motion on the two voluntary dismissal provisions contained in Rule 41(a) (1). The District Court granted the motion and Engelhardt appealed.

At page 482 of 299 F.2d, the court, after setting forth the facts, stated:

"By the salutary provisions of Rule 41, a plaintiff is given the right to dismiss a first suit at an early stage. Plaintiff may do so without prejudice and with no terms or conditions attached thereto. The rule also, however, protects a defendant by providing that if the plaintiff takes advantage of his right of early dismissal on one occasion, he may not repeat the process with impunity. If he wishes to escape the effect of the two dismissal rule, he is required then to obtain a dismissal by the court under (a) (2), 'upon such terms and conditions as the court deems proper.' "

In the second suit filed by Engelhardt, he had caused a writ of attachment to be

issued and also ran four garnishments on customers of the defendant. Likewise in the third suit the plaintiff ran garnishments on plaintiff's customers, which had the effect of tying up and attaching substantial properties until the writs of garnishment and attachment were dissolved by the trial court.

At page 483 of 299 F.2d, the court stated:

"* * * Certainly the commencement of three separate actions against the same defendant for the same claim with attendant garnishments and attachments, the necessary expense and inconvenience in connection therewith, the employment of counsel, the removal of each case to federal court and the effect on defendant's customers may well have totalled up to be harassment (whether intentional or not) which the two dismissal rule sought to avoid or penalize. Had the plaintiff proceeded in the second suit under (a) (2), the court, if it thought plaintiff should have been allowed to dismiss without prejudice, would have granted dismissal upon such terms and conditions as it thought proper. The court might have based such terms on the expense to which defendant had been put by plaintiff's actions. 5 Moore's Federal Practice, (2d Ed.), § 41.06, p. 1025. Defendant must have been put to substantial expense in the first suit and very probably incurred a greater expense in the second suit. The District Court, in passing on a motion for dismissal of the second suit without prejudice, might well have taken into consideration, in fixing the terms and conditions, the matter of reimbursement to the defendant for the defendant's forced expenditures in the two suits."

It will be noted that in Engelhardt the dismissals of the first and second suits were under the provision of Rule 41(a) (1) and not (a) (2). In the instant case, when the defendant filed his motion to quash the service of summons, the plaintiff's attorney, instead of opposing the motion to quash the service (which the record shows had been obtained by the United States Marshal for the Western District of Arkansas in the City of Fort Smith, Arkansas), wrote the United States District Judge and stated that he believed that the motion to quash should be sustained but that "we are unable to find a law to substantiate defendant's claim that the action should be dismissed. However, since it appears that it will be, in all probability, impossible to obtain service within this district upon the defendant, I am taking the liberty of submitting a proposed Order quashing the return of service of summons and dismissing plaintiff's complaint, without prejudice to his bringing a future action." When the United States District Judge received that letter, he entered the order of dismissal, heretofore set forth, of the second suit.

Under these facts the plaintiff contends that Rule 41(a) (1) does not apply, and that the plaintiff, while admitting that he could not find law to support a dismissal, agreed to a dismissal upon the condition that it be "without prejudice to his bringing a future action." It is stated in the brief of plaintiff, and not controverted by the defendant, that: "The defendant was advised by the letter quoted above and also a copy of the proposed order and made no move to object to the request of plaintiff."

The dismissal of the second suit was somewhat irregular. The record does not show the extent of the consideration given by the court to the request for the dismissal of the second suit, but this court cannot say that the trial court did not exercise a judicial discretion in concluding to enter the dismissal of the second suit without prejudice. The fact that the plaintiff's attor-

ney stated in his letter of January 31, 1963, addressed to the Judge that his action in requesting a dismissal of the second suit was on the condition that the dismissal be without prejudice, would not in itself create a dismissal without prejudice, but it is assumed that the court was fully advised that the first suit had been voluntarily dismissed under Rule 41(a)(1). It was evidently the intention of the court in dismissing the second suit to not deprive the plaintiff of his right to file another suit against defendant in a jurisdiction where service of process could be legally obtained. The fact that the court did not impose "terms and conditions" indicates that the court was of the opinion that the imposition of terms and conditions was not justified.

The court does not believe Engelhardt, supra, controls under the facts as disclosed by the record now before the court. It is of the opinion that the two dismissal rule should be strictly construed, and therefore the motion of defendant to dismiss should be denied.

The defendant further alleged, in the alternative, that "plaintiff's complaint be dismissed since the facts alleged do not support federal jurisdiction, in that there is no showing of diversity of citizenship between the plaintiff and the defendant." Since the filing of the motion, the plaintiff has filed an amendment to his complaint in which he properly alleges that the plaintiff at all times material herein was and is a citizen of the State of Oklahoma and a resident of Haskell County in said State, and that the defendant at all times material herein was and is now a citizen of Arkansas and a resident of the Western District of Arkansas, Fort Smith Division.

Since the suit was originally filed in this court and was not brought here by removal, the plaintiff may by amendment cure defective allegations of jurisdiction made in the original complaint.

An order is being entered today denying the motion of defendant to dismiss.