79 P.3d 448 (2003)
SPOKANE COUNTY, Respondent,
v.
SPECIALTY AUTO AND TRUCK PAINTING, INC.; Ken and Debra Orrino, a marital community, Petitioners.
No. 21027-8-III.
Court of Appeals of Washington, Division 3, Panel Four.
August 19, 2003.
Publication Ordered November 18, 2003.
Carl E. Hueber, Charles M. Andersen, Attorneys at Law, Spokane, WA, for Appellants.
Timothy M. Durkin, Deputy Prosecuting Attorney, Spokane, WA, for Respondent.
SWEENEY, J.
Washington court rule, CR 41, like its federal counterpart, Fed.R.Civ.P. 41, requires dismissal with prejudice, even of a voluntary nonsuit, "when obtained by a plaintiff who has once dismissed an action based on or including the same claim." CR 41(a)(4). The County of Spokane filed two suits, voluntarily dismissed both of them, and then filed a thirdall for the same claims against the same defendants. The trial judge refused to dismiss the third suit despite the mandatory language of CR 41 because he concluded that application of CR 41 in these circumstances would not further the purpose of the ruleto prevent harassment of civil defendants. The trial judge may be right. But our reading of the rule does not admit such judicial discretion. And the County makes no serious argument to the contrary here on appeal. We, therefore, reverse the decision and remand for dismissal of the complaint.

FACTS
The Spokane County Roads Department repaired Bigelow Gulch Road. Crews sprayed liquid asphalt and spread rock chips. But the asphalt did not set. So the County received over 800 claims for vehicle damage from flying rock chips, oil, and asphalt. Specialty Auto and Truck Painting, Inc., repaired many of the cars and billed the County. Following some complaints, the County conducted an audit of Specialty Auto. The state auditor's office concluded that Specialty Auto overbilled the County to the tune of $141, 144.
*449 Spokane County sued Specialty Auto but without a resolution of the board of county commissioners. RCW 42.30.060 (the open meetings act) requires the board of county commissioners to issue a public resolution to authorize a lawsuit. Upon recognizing the authorization problem, the county prosecutor obtained the necessary board authorization and filed a second identical action.
Almost three months later, on October 25, 2000, the County served Specialty Auto with both lawsuits. This was not inadvertent. A senior deputy prosecuting attorney wrote Specialty Auto's counsel a letter beginning: "Please find enclosed copies of the Complaints." Clerk's Papers (CP) at 116.
Specialty Auto moved the superior court for clarification of the duplicate complaints. In response, the County took a voluntary nonsuit of the first action under CR 41(a)(1)(B) before the hearing date, pursuant to CR 41(a)(4). A first dismissal under this rule is without prejudice.
Specialty Auto then notified the County of its own claim for breach of contract, a § 1993 claim for various constitutional violations arising from the execution of the search warrant in a related criminal prosecution, and a defamation claim. State law imposes a 60-day waiting period between the presentment of a claim to a local government entity and the filing of an action in court. But the County's pending second complaint had a court-imposed discovery deadline that expired two days before Specialty Auto could even file suit. So, to synchronize the County's action with Specialty Auto's pending action, the County again voluntarily dismissed "without prejudice" its second complaint.
The county prosecuting attorney notified Specialty Auto's lawyer that the County had dismissed its action because "it seemed prudent to give this matter a fresh start." CP at 129. The prosecutor also asked opposing counsel to provide additional discovery "prior to the commencement of the next suit." CP at 129.
Specialty Auto then filed its lawsuit against the County. The County responded by filing its third complaint. Specialty Auto moved to dismiss the County's third complaint on authority of the two dismissal rule of CR 41(a)(4). The court denied the motion. The trial judge focused on the purpose of the ruleto prevent harassment of defendants and concluded that this purpose would not be served here. The court did find that the parties had not stipulated to either of the County's two dismissals. But the court concluded that the County's first action was void ab initio because it violated the open meetings act and did not, therefore, trigger operation of the two dismissal rule.
We granted Specialty Auto's petition for discretionary review.

DISCUSSION
TWO DISMISSAL RULE OF CR 41(a)(4)
(a) Voluntary Dismissal.
(1) Mandatory. Subject to the provisions of [non-germane exceptions], any action shall be dismissed by the court:
(A) By Stipulation. When all parties who have appeared so stipulate in writing; or
(B) By Plaintiff Before Resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.
. . . .
(4) Effect. Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.
CR 41 (emphasis added).
Contentions of the Parties. Specialty Auto argues that the rule is cleara second dismissal shall operate as an adjudication on the merits. And so the court had no discretion. The County apparently concedes that application of the rule is not discretionary with the trial judge. Br. of Resp't at 17-18. It argues rather that the rule must be strictly construed. In re Burley, 33 Wash.App. 629, 638, 658 P.2d 8 (1983). And when so construed it does not apply here because:
*450 1. The County's first suit was void ab initio.
2. The second voluntary dismissal was, with the express approval of Specialty Auto, without prejudice.
3. Specialty Auto waived the right to assert operation of the rule.
We address each in order.
Standard of Review. We review the trial court's interpretation and application of court rules de novo. City of College Place v. Staudenmaier, 110 Wash.App. 841, 845, 43 P.3d 43, review denied, 147 Wash.2d 1024, 60 P.3d 92 (2002). There are no disputes over the material facts here, so the only questions are those of law. Wash. Equip. Mfg. Co. v. Concrete Placing Co., 85 Wash.App. 240, 244, 931 P.2d 170 (1997).
1. Validity of County's First Suit. A lawsuit filed in violation of the open meetings act must be dismissed. Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n, 85 Wash.2d 140, 145, 530 P.2d 302 (1975). But here both of the County's complaints were filed and eventually served. For purposes of this rule, the fact that one action would have ultimately been dismissed does not alter the fact that an action was commenced. Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 726 (9th Cir.1991). A civil defendant is still subject to a lawsuit even if the suit is ultimately dismissed.
2. Dismissal Without Prejudice. The order appealed from cites to a plaintiff's absolute right under CR 41(a)(1)(A) to a stipulated voluntary dismissal without prejudice. But this misreads the rule's plain language. CR 41(a)(1)(A) does create an absolute right to a stipulated dismissalbut not without prejudice. Moreover, the County has never contended, here or below, that the second dismissal was by stipulation. And, by its terms, CR 41(a)(1)(A) does not apply to a second dismissal. The court may well have meant to invoke CR 41(a)(1)(B), which provides the plaintiff an unqualified right to dismissal before the plaintiff rests. But, again, dismissal under this section is not guaranteed to be without prejudice. And, more importantly here, it does not apply the second time around.
Second, the order dismissing the second action also finds an absolute right to dismissal without prejudice in CR 41(a)(4). But (a)(4) clearly makes the dismissal without prejudice only unless the order states otherwise. That is to say, the dismissal is with or without prejudice at the discretion of the court. Moreover, CR 41(a)(4) clearly excepts the second dismissal from the lack of prejudice, regardless of what the order might say.
Third, the County's second dismissal order is void to the extent that it purports to grant a second voluntary dismissal without prejudice in an ex parte proceeding. Specialty Auto was entitled to notice. Specialty Auto appeared as a party when it asked the court for an order of clarification of the duplicate filings. RCW 4.28.210 ("A defendant appears in an action when he ... makes any application for an order therein"). Having appeared, a party is entitled to notice of all subsequent proceedings. RCW 4.28.210. The County applied to the court for an order of dismissal by written motion, as required by the rules. CR 7(b)(1); CR 41(a). Notice of every written motion other than one which may be heard ex parte must be served upon each of the parties. CR 5(a); CR 6(d). A motion for a second dismissal without prejudice requires notice.
CR 41(a)(4) permits the court to make a first dismissal with prejudice by so stating in the order. But no provision of CR 41(a) confers upon a plaintiff an absolute right to dismissal without prejudice.
3. Waiver. We will not address the County's final argument that Specialty Auto waived the right to invoke strict application of the two dismissal rule. This objection was not presented at the trial court. And the trial court therefore had no opportunity to pass on it. RAP 2.5(a); Oregon Mut. Ins. Co. v. Barton, 109 Wash.App. 405, 417-18, 36 P.3d 1065 (2001), review denied, 146 Wash.2d 1014, 51 P.3d 88 (2002).

CONCLUSION
The trial court erred by refusing to dismiss the County's third suit. We reverse the order denying Specialty Auto's motion to dismiss *451 and remand for dismissal of the complaint.
WE CONCUR: KATO, A.C.J., and SCHULTHEIS, J.