103 P.3d 792 (2004)
153 Wash.2d 238
SPOKANE COUNTY, Petitioner,
v.
SPECIALTY AUTO AND TRUCK PAINTING, INC., Ken and Debra Orrino, a marital community, Respondents.
Bianca Faust, individually and as guardian of Gary C. Faust, a minor, and Bianca Celestine Mele, Bryan Mele, Beverly Mele, and Albert Mele, Respondents,
v.
Bellingham Lodge No. 493, Loyal Order of Moose, Inc., Alexis Chapman and Moose International, Inc., Petitioners, and
Mark Albertson, as Personal Administrator for the Estate of Hawkeye Kincaid, Deceased, Additional Defendant.
Nos. 74539-1, 75328-8.
Supreme Court of Washington, En Banc.
Argued June 29, 2004.
Decided December 23, 2004.
*793 Timothy Michael Durkin, Spokane, for Petitioner.
William Edward Fitzharris, Meredith Jill Hillman, Michael Edward Ricketts, Kingman Peabody Pierson & Fitzharris, Seattle, for Petitioners Bellingham Lodge # 493, Loyal Order of Moose Inc., Moose International Inc., and Alexic Chapman.
Charles Matthew Andersen, Carl Edward Heuber, Winston & Cashatt Lawyers, Spokane, for Respondents Specialty Auto and Truck Painting Inc. and Ken and Debra Orrino.
Mark David Albertson, Albertson Law Group PS, Kent, for Defendant Mark Albertson.
Philip Albert Talmadge, Talmadge Law Group PLLC, Tukwila, Steven John Chance, Bellingham, for Respondents Bianca Faust, Albert and Beverly Mele, Bianca Celestine Mele, and Bryan Mele.
JOHNSON, J.
This consolidated case involves interpretation of Superior Court Civil Rule 41(a)(4), the "two dismissal" rule. We accepted review of both matters to resolve an apparent conflict between divisions of the Court of Appeals. We affirm the result of both the Court of Appeals decision in Spokane County v. Specialty Auto & Truck Painting, Inc., 119 Wash.App. 391, 79 P.3d 448 (2003) and the trial court decision in Faust v. Bellingham Lodge Order of Moose, No. 03-3-00859-8 (Whatcom County Super. Ct. Aug.1, 2003).

FACTUAL AND PROCEDURAL HISTORY

Spokane County v. Specialty Auto & Truck Painting, Inc.

Spokane County hired Specialty Auto & Truck Painting, Inc. to provide repair services to vehicles damaged by an improperly sealed county road. Spokane County received some complaints about Specialty Auto's work and turned those complaints over to the State Auditor's Office for an investigation. During the course of its investigation, the State Auditor's Office concluded that Spokane County had been overbilled for the work Specialty Auto performed.
On July 27, 2000, Spokane County first filed suit against Specialty Auto in Spokane County Superior Court, seeking to recoup the amount overbilled. However, Spokane County's governing board had not authorized the filing of this action, as required by state law. On August 3, 2000, Spokane County filed a second action, identical to the first action, but authorized.
In November 2000, Specialty Auto moved to clarify Spokane County's duplicate complaints, asserting that it was not necessary to have the same case proceeding under two causes. After discussion between the parties, Specialty Auto struck its motion, based upon Spokane County's promise to dismiss the first action. However, a formal stipulation was never signed and Specialty Auto *794 later claimed that, although it knew of Spokane County's intention to dismiss the first action, it never agreed that such dismissal would be without prejudice.
On January 4, 2001, a Spokane County Superior Court judge entered ex parte Spokane County's order for voluntary dismissal of the first action, pursuant to CR 41(a). The ex parte voluntary order of dismissal does not refer to any stipulation by the parties.
On March 30, 2001, Specialty Auto filed a tort claim against Spokane County arising out of the same incident. In order to coordinate the two actions, but without any discussion between the parties, Spokane County took a voluntary dismissal of its second case on April 10, 2001. The ex parte order does not allude to any stipulation or address the consequences of the second dismissal.
In July 2001, after the 60-day waiting period for filing suit lapsed, Specialty Auto filed a complaint in Spokane County Superior Court based on its tort claim. Spokane County then filed its third complaint against Specialty Auto as part of this case.
On August 28, 2001, Specialty Auto filed a motion to dismiss Spokane County's complaint as "previously adjudicated on the merits," pursuant to CR 41(a)(4), the "two dismissal" rule. Based on the purpose of the "two dismissal" rule and its construction of CR 41(a)(4), the court concluded that the rule did not apply and denied the motion to dismiss.
The Court of Appeals, Division Three reversed the trial court, concluding that the language of CR 41(a)(4) does not permit the exercise of such discretion. The appellate court remanded the matter for dismissal of Spokane County's claims, stating that CR 41(a) creates "an absolute right to a stipulated dismissal  but not without prejudice." Specialty Auto, 119 Wash.App. at 396, 79 P.3d 448.

Faust, et al. v. Bellingham Lodge, et al.
Faust initially brought suit against Bellingham Lodge No. 493, Loyal Order of Moose, Inc., Alexis Chapman, and Moose International, Inc. (collectively, the "Lodge") in the United States District Court for the Southern District of New York. The parties stipulated to dismissal of the case after Faust's attorney realized his client did not have a basis for federal jurisdiction in New York.
Faust then filed suit in the United States District Court for the Western District of Washington. On the eve of trial, the parties stipulated to dismissal of the second action. The stipulation includes the following provision:
Defendant, BELLINGHAM, WASHINGTON LODGE # 493 LOYAL ORDER OF MOOSE, INC. stipulates to the foregoing voluntary dismissal under FRCP 41(a)(1), and agrees that the parties may not pursue any discovery in any subsequent action the plaintiffs may file which is duplicative or repetitive of discovery which was obtained as part of this action.
Clerk's Papers at 89.
Faust filed the third action in Whatcom County Superior Court. As with her other actions, Faust claims the Lodge overserved alcohol to a patron, Hawkeye Kincaid. Kincaid caused an automobile accident in Ferndale on April 20, 2000, injuring Faust, her mother, and her minor child. The Lodge filed a motion to dismiss this action based on the "two dismissal" rule of CR 41(a)(4). The trial court denied the motion.
We accepted direct review of the Lodge's petition to the Court of Appeals, Division One, challenging the trial court's denial of its motion to dismiss.

ANALYSIS
We accepted review to decide whether the lower courts correctly interpreted the "two dismissal" rule of CR 41(a)(4). We review a lower court's interpretation of a court rule de novo. City of Seattle v. Guay, 150 Wash.2d 288, 76 P.3d 231 (2003).
CR 41(a)(4) provides,
Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including *795 the same claim in any court of the United States or of any state.
The language encompassing the "two dismissal" rule begins with the conjunction "except."
The defendants in both consolidated cases assert that the plain language of the rule mandates that if an action has been twice voluntarily dismissed pursuant to CR 41(a) without regard to whether the dismissals were "unilateral" or have been stipulated to by the parties, a third action is barred. This interpretation of the rule is consistent with Division Three's construction below in Specialty Auto. In Specialty Auto, Division Three read CR 41(a)(4) to require dismissal following two voluntary dismissals, regardless of whether the facts suggest harassment of the defendant and regardless of whether the dismissals were stipulated. Specialty Auto, 119 Wash.App. at 396-97, 79 P.3d 448. The court stated that application of the two dismissal rule is not a matter of court discretion. Specialty Auto, 119 Wash.App. at 397, 79 P.3d 448.
Division Three's construction of the two dismissal rule appears to contradict Division One's earlier construction of CR 41(a)(4) in In re Burley, 33 Wash.App. 629, 658 P.2d 8 (1983). In Burley, Division One noted that interpretation of the two dismissal rule was an issue of first impression and turned to interpretations of the substantially identical Federal Rule of Civil Procedure 41(a) for guidance. Based upon interpretations of the federal rule, the court reasoned that CR 41(a)(4) should be strictly construed and stated, "the reason for the two-dismissal rule is to prevent the abuse and harassment of a defendant ... and to prevent the unfair use of dismissal." Burley, 33 Wash.App. at 638, 658 P.2d 8. Adopting the decision of Orr v. Stuart, 32 F.R.D. 435, 441 (W.D.Ark.1963), the Burley court established that the trial court must strictly construe the application of CR 41(a)(4) to the facts and circumstances of the case in conformity with the purpose of the rule. Burley, 33 Wash.App. at 638, 658 P.2d 8. Although the facts of Burley are distinguishable from those presented here, the principles guiding Division One's interpretation of the rules are applicable here.
CR 1 requires Washington courts to interpret the court rules in a manner "that advances the underlying purpose of the rules, which is to reach a just determination in every action." Burnet v. Spokane Ambulance, 131 Wash.2d 484, 498, 933 P.2d 1036 (1997). The court rules are intended to allow the court to reach the merits of an action. Sheldon v. Fettig, 129 Wash.2d 601, 609, 919 P.2d 1209 (1996). "`[W]henever possible, the rules of civil procedure should be applied in such a way that substance will prevail over form.'" Griffith v. Bellevue, 130 Wash.2d 189, 192, 922 P.2d 83 (1996) (quoting First Fed. Sav. & Loan Ass'n v. Ekanger, 93 Wash.2d 777, 781, 613 P.2d 129 (1980)).
Although the general purpose of the court rules is to promote resolution on the merits, the rules provide procedural safeguards to be narrowly construed in line with this general purpose. The narrow purpose of CR 41(a)(4) is to prevent the abuse and harassment of a defendant and the unfair use of dismissal. To achieve this purpose, we limit application of the "two dismissal" rule to dismissals that are a unilateral act by the plaintiff.
The plain language of CR 41(a)(4) supports limiting application of the rule to unilateral dismissals by the plaintiff. First, the language clearly states that the dismissal operates as an adjudication upon the merits when obtained by the plaintiff. The only operative rule allowing for the plaintiff alone to obtain a voluntary dismissal in Washington courts is CR 41(a)(1)(B).[1] Other rules allowing for dismissal require either stipulation by all parties or court discretion. Second, the clause "who has once dismissed" modifies "plaintiff," which indicates that the plaintiff must have unilaterally obtained the first dismissal as well. The rule does not reference the defendant or court, so we conclude that the rule operates only for dismissals which the plaintiff may unilaterally obtain. Any broader definition of "obtain" would be inconsistent with the rule's narrow purpose of *796 preventing abuse and harassment by the plaintiff and would allow a defendant to use the rule as a sword as well as a shield.[2]
Finally, the plain language of the "two dismissal" rule of CR 41(a)(4) does not allow for court discretion. The language encompassing the rule begins with the conjunction "except," which removes the clause from the context of the rest of the sentence. While the language prior to the word "except" allows court discretion to direct whether a dismissal is with or without prejudice, the language of the excepting clause contains no such discretion. The "two dismissal" rule of CR 41(a)(4) is self-executing. It does not allow for court discretion.
We hold that CR 41(a)(4)'s "two dismissal" rule operates as a nondiscretionary adjudication upon the merits when the dismissals at issue are unilaterally obtained by the plaintiff.

APPLICATION

Spokane County v. Specialty Auto & Truck Painting, Inc.

Spokane County argues that because the first lawsuit was not authorized as required by the Open Public Meetings Act of 1971, chapter 42.30 RCW, it did not constitute an "action" that implicated the "two dismissal" rule. See RCW 42.30.060(1). A lawsuit not authorized as required by the act must be dismissed. Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n, 85 Wash.2d 140, 145, 530 P.2d 302 (1975). While Washington courts have not considered the issue of whether an unauthorized lawsuit constitutes an action for purposes of CR 41(a)(4), federal case law provides guidance. The United States Court of Appeals for the Ninth Circuit has recognized that such an action implicates the "two dismissal" rule. See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 726 (9th Cir.1991). At least one other court has rejected a similar argument regarding the "nullity" of a voluntarily dismissed suit, emphasizing that the filing of a complaint alone commences an action for purposes of the "two dismissal" rule. See Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir.1962). Division Three of the Court of Appeals sustainably concluded that the filing of the unauthorized complaint commenced the first action. We reject Spokane County's argument that the first lawsuit never existed.
Second, Spokane County argues that the second dismissal does not apply toward the "two dismissal" rule because it was a product of negotiation and agreement between the parties. However, as discussed above, the rule does not provide for court discretion to look into the reasons for the dismissal. It is undisputed the dismissal was filed ex parte by Spokane County and did not reference an agreement between the parties. Further, the trial court found that neither dismissal was by stipulation. We reject Spokane County's request that we look beyond this finding and attempt to determine the intent of the parties.
Third, Spokane County argues that its prior dismissals do not apply toward the "two dismissal" rule because the court granted both dismissals "without prejudice." The plain language of the "two dismissal" rule does not support this argument. The rule is self-executing and does not allow for court discretion. We reject this argument as well.
Finally, Spokane County argues that Specialty Auto waived its right to assert the "two dismissal" rule because Specialty Auto's counsel assented to the first dismissal. A party against whom waiver is claimed must have intended to relinquish the right, advantage, or benefit and his action must have been inconsistent with any intent other than to waive it. Wagner v. Wagner, 95 Wash.2d 94, 102, 621 P.2d 1279 (1980). As discussed above, the trial court found that Specialty Auto did not stipulate to either dismissal. The record does not support a finding that Specialty Auto intended to relinquish any rights. Spokane County's waiver argument is without merit.
*797 Spokane County twice unilaterally dismissed actions filed against Specialty Auto regarding the same subject matter. The "two dismissal" rule bars the filing of the third complaint. We affirm the Court of Appeals decision dismissing Spokane County's third complaint.[3]

Faust, et al.v. Bellingham Lodge, et al.
The Lodge's arguments in favor of CR 41(a)(4) dismissal require construing the rule to include voluntary stipulated dismissals as dismissals that trigger the "two dismissal" rule. As discussed above, we construe the rule to apply only to unilateral dismissals by the plaintiff. Both dismissals at issue in this matter were by stipulation of the parties. We affirm the trial court denial of the Lodge's motion to dismiss Faust's third lawsuit.

CONCLUSION
We hold that CR 41(a)(4)'s "two dismissal" rule operates as a non-discretionary adjudication upon the merits when the dismissals at issue are unilaterally obtained by a plaintiff. We affirm the Court of Appeals Division Three decision dismissing Spokane County's third action in Specialty Auto. We affirm the trial court decision denying the Lodge's motion to dismiss Faust's third action in Faust.
ALEXANDER, C.J., IRELAND, BRIDGE, CHAMBERS, OWENS and SANDERS, JJ., concur.
SANDERS, J. (concurring in part, dissenting in part).
Exercising judicial creativity, the majority "limit[s] application of the `two dismissal' rule to dismissals that are a unilateral act by the plaintiff." Majority at 795. But there is no language in the rule to support such a construction. Though I agree the Court of Appeals correctly ordered dismissal of Spokane County's lawsuit in Spokane County v. Specialty Auto & Truck Painting, Inc., 119 Wash.App. 391, 79 P.3d 448 (2003), I dissent from the majority's analysis because the plain language of CR 41(a)(4) applies to all voluntary dismissals, regardless of how they are obtained. A proper analysis also requires dismissal of Faust v. Bellingham Lodge No. 493 Loyal Order of Moose, Inc. (Wash.Sup.Ct. No. 75328-8).
Court rules are interpreted as though they were statutes, applying the accepted canons of statutory construction. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993); Farmers Ins. Exch. v. Dietz, 121 Wash.App. 97, 100, 87 P.3d 769 (2004). The plain language of the rule controls where it is unambiguous, thus requiring courts to refrain from subjectively interpreting the rule beyond its text. Nevers v. Fireside, Inc., 133 Wash.2d 804, 815, 947 P.2d 721 (1997); see also Restaurant Dev., Inc. v. Cananwill, Inc., 150 Wash.2d 674, 682-87, 80 P.3d 598 (2003) (applying plain language rule to Insurance Premium Finance Company Act, ch. 48.56 RCW). A plain language construction is ascertained not by reading the provision piecemeal, but rather by examining all the legislating body has said on the matter by examining the entire rule and all related rules. See Restaurant Dev., 150 Wash.2d at 682, 80 P.3d 598.
CR 41(a) unambiguously describes how a civil action may be voluntarily dismissed by the plaintiff.[1] The purpose of the rule is to allow the plaintiff to return to square one and pursue the same cause of action as if the previous suit never happened. See Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st Cir.1990) (construing federal counterpart to CR 41(a)); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959) (same).
Voluntary dismissal may occur either by stipulation or by the plaintiff's motion. Parties may stipulate to dismissal at any time, in *798 which case the trial court has no discretion to deny the requested result. CR 41(a)(1)(A).[2] But if the defendant does not stipulate, the plaintiff may still obtain a nonsuit by moving the court prior to resting his or her case, in which case dismissal is mandatory. CR 41(a)(1)(B);[3]see also McKay v. McKay, 47 Wash.2d 301, 304, 287 P.2d 330 (1955) (construing prior version of rule, holding "plaintiff's right in this respect is absolute and involves no element of discretion on the part of the trial court"). After the plaintiff rests, his or her absolute right to dismissal ends and the court's permission must be obtained by showing good cause why dismissal is appropriate. CR 41(a)(2).[4]
While voluntary dismissals are all intended to grant plaintiffs a clean slate from which to start again, they are not intended to allow the plaintiff to press a judicial reset button as many times as is convenient. As such CR 41(a)(4) dictates the effect of voluntary dismissals:
(4) Effect. Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.
By its simple language the plaintiff has one opportunity to start over. Despite how a voluntary dismissal is obtained, the net effect does not change.
Yet the majority injects a unilateral element into the text, claiming the exception to the default rule of dismissing the case without prejudice applies only when the voluntary dismissals are procured under CR 41(a)(1)(B) (dismissal upon plaintiff's motion before resting case) and CR 41(a)(2) (dismissal obtained through court's permission after resting case). In other words, the majority asserts CR 41(a)(4) selectively applies only to parts of CR 41(a), despite no express proviso allowing for such limited application. Such a construction flatly contradicts the statutory construction canon to construe statutes or court rules in manner that avoids "unlikely, absurd, or strained consequences." Thurston County v. City of Olympia, 151 Wash.2d 171, 175, 86 P.3d 151 (2004); see also State v. Wittenbarger, 124 Wash.2d 467, 484-85, 880 P.2d 517 (1994) (courts must construe rules consistent with their purpose, noting the rule's spirit and intent prevail over strained interpretations). And while "[t]he narrow purpose of CR 41(a)(4) is to prevent the abuse and harassment of a defendant and the unfair use of dismissal," majority at 795, it does not follow a priori that by merely securing the defendant's stipulation to dismiss a lawsuit a plaintiff acquires the right to refile his or her lawsuit an infinite number of times. As the Court of Appeals aptly noted, "CR 41(a)(1)(A) does create an absolute right to a stipulated dismissal  but not without prejudice." Specialty Auto, 119 Wash.App. at 396, 79 P.3d 448.
The majority strains the language of CR 41(a)(4) to reach its desired result, claiming without support CR 41(a)(4)'s language "when obtained by a plaintiff" must apply only when the plaintiff alone secures dismissal. See majority at 795. Whether dismissal is through stipulation or not, under CR 41(a) the plaintiff is still a part of the decision to dismiss the case. The plaintiff "obtains" a stipulated dismissal by requesting the defendant's permission just as much as another plaintiff "obtains" a dismissal by motion. The presence of the defendant's agreement does not alter the situation. The only way a plaintiff does not "obtain" dismissal through CR 41 is if the case is dismissed by the court, CR 41(b)(2), or by the defendant, CR 41(b)(3). As such the majority's claim a plaintiff does not "obtain" dismissal through stipulation is simply unsound.
*799 In re Burley, 33 Wash.App. 629, 658 P.2d 8 (1983), is not to the contrary. Contra majority at 795. Burley held a mother's paternity suit could not be dismissed with prejudice under the rule after the State had voluntarily dismissed two lawsuits against the father. The court held the plaintiff must be "a real party in interest in the prior two superior court actions which had obtained a voluntary dismissal of those claims." Burley, 33 Wash.App. at 638, 658 P.2d 8. Burley rightly concluded a plaintiff who never brought the previous lawsuit should not be denied her day in court because a previous plaintiff who brought a similar claim previously dismissed his claim. But it does not stand for the proposition the two dismissal rule is limited based on how the previous dismissals were obtained by the same plaintiff. As such Burley is entirely consistent with Division Three's opinion below, despite the majority's opposite claim.[5]
This conclusion is supported by the rule's clear language, in that the two-dismissal rule applies only to "a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state." CR 41(a)(4). Though the majority reads this language to assert a limitation of the two-dismissal rule based on how the prior dismissals were obtained, see majority at 795, the more logical reading is that it limits the rule's application to against whom it may be asserted. And determining who that litigant is does not necessitate inquiry into how the plaintiff voluntarily dismissed the previous lawsuit, but rather whether the plaintiff voluntarily dismissed a previous lawsuit "based on or including the same claim." CR 41(a)(4).
This court has procedures to amend the rule if it operates in an undesirable manner. Amending the rule by judicial fiat, however, is not acceptable. I would read the plain language of the rule and dismiss both cases.
I therefore agree with the majority that the lawsuit in Specialty Auto must be dismissed. But to the extent the majority permits the Faust lawsuit to proceed, I dissent.
MADSEN, J. (dissenting).
Justice Sanders is absolutely correct in his analysis of CR 41(a)(4), as reading the sections of CR 41(a) together makes clear.[1]
Read fairly, CR 41(a) describes the circumstances under which a party may obtain a voluntary order of dismissal. Section (a)(1) provides when a court is mandated to grant dismissal. Section (a)(2) sets out circumstances under which the court has discretion to grant dismissal. Section (a)(3) speaks to the rights of a defendant who has filed a counterclaim prior to plaintiff's motion to dismiss. Section (a)(4), at issue here, describes the effect of dismissal granted under the preceding sections  all of the preceding *800 sections, including stipulated dismissals under section (a)(1)(A).
Under the first clause of section (a)(4), all orders of dismissal granted pursuant the preceding sections are deemed to be without prejudice (unless otherwise provided in the order). The exception to the rule that all dismissal orders are without prejudice is when a court grants a second motion to dismiss to a plaintiff who has already successfully moved for dismissal once before. Then, the second order of dismissal acts as a decision on the merits. Reading the four subsections of CR 41(a) together, as we must, it is inescapable that the effect of a voluntary dismissal, as described in section (a)(4), is the same regardless of how the dismissal is obtained.
I agree with Justice Sanders that only through wishful thinking by the majority can CR 41(a)(4) be limited to "unilateral" dismissals. Concurrence/dissent at 798. Accordingly, I agree with the dissent that the trial court in Faust v. Bellingham Lodge No. 493 erred by refusing to grant the Lodge's motion to dismiss. The fact that the parties in that case stipulated to the dismissal orders is of no consequence because CR 41(a)(4), the two-dismissal rule, applies to section (a)(1)(A), stipulated dismissals, as it does to all other voluntary dismissals under CR 41(a).
I write separately, however, because I do not agree with Justice Sanders' application of the rule to the first order of dismissal in Specialty Auto. Spokane County v. Specialty Auto & Truck Painting, Inc., 119 Wash.App. 391, 79 P.3d 448 (2003). In that case, Spokane County had filed the same claim under two different cause numbers. By dismissing one cause number, the trial court did not dismiss the claim. Clearly, the county could recover only once on the same claim, and it would have been inappropriate for the same claim to proceed under two difference numbers. See generally CR 42. Equally clear is the fact that the county did not dismiss its claim, as the claim continued to exist under the alternate number. As the Court of Appeals in In re Burley, 33 Wash.App. 629, 638, 658 P.2d 8 (1983) noted, "the reason for the two-dismissal rule is to prevent the abuse and harassment of a defendant ... and to prevent the unfair use of dismissal." Although I agree entirely with other courts who have strictly construed CR 41(a)(4) to apply to all dismissals, here there was no prior dismissal within the meaning of the rule because the county's lawsuit continued to exist under a different cause number. Thus, I believe the application of CR 41(a)(4) to these circumstances is inappropriate and beyond the intent or purpose of the rule.
NOTES
[1] Any analogous rule from another jurisdiction allowing for unilateral dismissal by a plaintiff also applies.
[2] Under our holding, a defendant may prevent abusive use of the rule simply by declining to stipulate to dismissal.
[3] We make no ruling on whether Spokane County may introduce evidence otherwise excluded by dismissal of its third complaint to avoid any claims brought by Specialty Auto.
[1] This contrasts to involuntary dismissals under CR 41(b), in which case the suit is dismissed without the plaintiff's consent. See CR 41(b). Such happens when any claimant (i.e., plaintiff, counterclaimant, cross-claimant, etc.) fails to note the case for trial for a year, CR 41(b)(1), no action takes place for 12 months or longer, CR 41(b)(2), or the defendant moves for dismissal after the plaintiff is finished presenting his or her evidence at trial, CR 41(b)(3).
[2] "Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court ... [w]hen all parties who have appeared so stipulate in writing." CR 41(a)(1)(A).
[3] "Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court ... [u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case." CR 41(a)(1)(B).
[4] "After plaintiff rests after his opening case, plaintiff may move for a voluntary dismissal without prejudice upon good cause shown and upon such terms and conditions as the court deems proper." CR 41(a)(2).
[5] Orr v. Stuart, 32 F.R.D. 435 (W.D.Ark.1963) does not support the majority's construction either. Orr examined Federal Rule of Civil Procedure 41(a) and held the plaintiff's second stipulated dismissal did not operate as an adjudication on the merits. Id. at 441. However the second dismissal was obtained by court order pursuant to Federal Rule of Civil Procedure 41(a)(2). See Orr, 32 F.R.D. at 438. Because the federal two dismissal rule operates only to voluntary dismissals under Fed.R.Civ.P. 41(a)(1), the plaintiff's dismissal under rule 41(a)(2) did not operate as an adjudication on the merits. Orr, 32 F.R.D. at 441.
[1] CR 4l. DISMISSAL OF ACTIONS

(a) Voluntary Dismissal.
(1) Mandatory. Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court:
(A) By stipulation. When all parties who have appeared so stipulate in writing; or
(B) By Plaintiff Before Resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.
(2) Permissive. After plaintiff rests after his opening case, plaintiff may move for a voluntary dismissal without prejudice upon good cause shown and upon such terms and conditions as the court deems proper.
(3) Counterclaim. If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff's motion for dismissal, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.
(4) Effect. Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.