# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL NOEL, and DIANA NOEL, individually and as the marital community comprised thereof,<br><br>               Appellants,<br><br>    v.<br><br>CITY OF LAKEWOOD, a municipal corporation; CITY OF LAKEWOOD POLICE DEPARTMENT, a political subdivision; BRET FARRAR, individually and as Chief of Police,<br>               Respondents. | No. 48098-1-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — This is Michael Noel's third lawsuit arising from his termination from City of Lakewood Police Department in 2012. Noel voluntarily dismissed two prior lawsuits. Noel now appeals the superior court's summary judgment dismissal of all his claims against the City of Lakewood, City of Lakewood Police Department, and former police Chief Bret Farrar. Noel argues on appeal that CR 41(a)(4)'s two dismissal rule does not apply to his claims. Because Noel's lawsuit is procedurally barred, we affirm the superior court's order dismissing Noel's case.

## FACTS

Noel was employed as a sergeant with the City of Lakewood Police Department until his termination on March 2, 2012. After his termination, Noel filed a lawsuit (2012 lawsuit) in Pierce County Superior Court against the City of Lakewood, City of Lakewood Police Department, Chief of Police Bret Farrar, and Assistant Chief of Police Mike Zaro (collectively

hereinafter, Lakewood), alleging a variety of state and federal claims stemming from his termination.[1] The case was removed to federal district court based on federal question jurisdiction. In response to Lakewood's motion for summary judgment in federal district court, Noel voluntarily dismissed several of his claims, including all federal claims. The federal court then remanded the case to Pierce County Superior Court for resolution of the remaining state claims.

While the 2012 lawsuit was pending in federal court, Noel filed a second, nearly identical lawsuit in Pierce County Superior Court on July 24, 2013 (2013 lawsuit).[2] When Lakewood notified Noel of its intent to seek dismissal of the duplicitous lawsuit, Noel voluntarily dismissed the 2013 lawsuit on October 3, 2013.

Lakewood then filed a motion for summary judgment dismissal of the 2012 lawsuit. On June 5, 2014, one day before the hearing on Lakewood's motion for summary judgment, Noel filed a third complaint (2014 lawsuit).[3] At the summary judgment hearing the next day, Noel told the superior court that he had filed the 2014 lawsuit in an attempt to fully comply with the tort claim form presentment requirements of RCW 4.96.020, and asked the superior court to

---

[1] Noel's 2012 lawsuit listed the following causes of action: breach of contract, public records act, first amendment retaliation, due process, abuse of process, wrongful termination (ch. 49.60 RCW), disability discrimination (ch. 49.60 RCW), retaliation (ch. 49.60 RCW), defamation, fraud, misrepresentation, civil conspiracy, witness intimidation.

[2] Noel's 2013 lawsuit listed the following causes of action: wrongful termination (ch. 49.60 RCW); wrongful termination (public policy), disability discrimination (ch. 49.60 RCW), defamation, and violation of the public records act.

[3] Noel's 2014 lawsuit listed the following causes of action: wrongful termination (ch. 49.60 RCW), wrongful termination (public policy), disability discrimination (ch. 49.60 RCW), defamation, fraud, abuse of process, misrepresentation, and civil conspiracy.

dismiss the 2012 lawsuit. In response, Lakewood admitted it could not object to Noel taking a voluntary dismissal but noted that it was not waiving its right to seek dismissal of the claims. The superior court entered an order rendering Lakewood's motion for summary judgment moot and noting that each of Noel's claims was "voluntarily dismissed by plaintiffs." Clerk's Papers (CP) at 539.

Lakewood then filed a motion for summary judgment dismissal of the 2014 lawsuit, arguing that CR 41(a)(4)'s two dismissal rule bars all of Noel's claims. The superior court granted Lakewood's motion for summary judgment. Noel appeals.

ANALYSIS

I. NOEL CONCEDED MOST OF HIS CLAIMS

As an initial matter, at oral argument Noel conceded that all of his claims should be dismissed except disability discrimination and retaliation in violation of the "Washington Law Against Discrimination" (WLAD). Ch. 49.60 RCW. Thus, we address only his WLAD claim.

II. NOEL'S DISABILITY DISCRIMINATION AND RETALIATION CLAIM IS BARRED BY CR 41(a)(4)

Noel argues that CR 41(a)(4)'s two dismissal rule does not apply to this case, and therefore, the superior court erred by granting Lakewood's motion for summary judgment. We disagree.

CR 41(a) governs voluntary dismissals. In discussing the effect of a voluntary dismissal, CR 41(a)(4) states:

> Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, *except* that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.

3

(Emphasis added). This "two dismissal" rule operates as a nondiscretionary adjudication upon the merits when the dismissals at issue are unilaterally obtained by the plaintiff. *Spokane County v. Specialty Auto and Truck Painting, Inc.*, 153 Wn.2d 238, 246, 103 P.3d 792 (2004). Thus, the doctrine of res judicata prevents Noel from relitigating the same claim against the same party in a subsequent action. *Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 224, 164 P.3d 500 (2007). The two dismissal rule's purpose is "to prevent the abuse and harassment of a defendant . . . and . . . the unfair use of dismissal." *Specialty Auto*, 153 Wn.2d at 245.

Noel offers two theories as to why the two dismissal rule does not apply to this case. First, he suggests that CR 41 should not apply because the second dismissal on June 6, 2014 was based on his anticipation that he had not yet complied with the presentment requirements of RCW 4.96.020.[4] Second, he contends that the June 6, 2014 dismissal was not a unilateral dismissal. Both of Noel's arguments fail.

A.      *CR 41 Applies Regardless of the Reason Noel Sought Dismissal*

Noel argues that the two dismissal rule should not apply to his second dismissal because that dismissal was based on his alleged failure to comply with the tort claim form presentment requirements of RCW 4.96.020. However, Noel cannot avoid the application of the two dismissal rule by explaining *why* he sought the second dismissal.

---

[4] RCW 4.96.020 requires that all claims for damages based on the tortious conduct of local governmental entities and their agents be presented to the entity and/or agent on a standard tort claim form at least 60 days before commencing the action.

"The two dismissal rule of CR 41(a) applies automatically to unilateral dismissals by the plaintiff and 'does not provide for court discretion to look into the reasons for the dismissal.'" *Guillen v. Pierce County*, 127 Wn. App. 278, 285, 110 P.3d 1184 (2005); *see also Feature Realty, Inc.*, 161 Wn.2d at 223 ("We do not inquire into the plaintiff's intent in obtaining the dismissal.").

Furthermore, to the extent Noel argues that CR 41 does not apply because the superior court never had subject matter jurisdiction because he had not complied with RCW 4.96.020, his argument fails for two reasons. First, failure to comply with RCW 4.96.020 does not deprive a superior court of subject matter jurisdiction. *See Shoop v. Kittitas County*, 108 Wn. App. 388, 400, 30 P.3d 529 (2001). Second, Noel sought voluntary dismissal before the superior court ever ruled on the issue of compliance with RCW 4.96.020. Even assuming Noel's alleged failure to comply with RCW 4.96.020 would have rendered his prior lawsuit fatally flawed, such a defect does not preclude the application of CR 41(a)(4).

In *Specialty Auto*, our Supreme Court rejected a similar argument and held that an unauthorized lawsuit constitutes an action for purposes of CR 41(a)(4). 153 Wn.2d at 247. There, Spokane County argued that because its first lawsuit was not authorized as required by the Open Public Meetings Act of 1971, chapter 42.30 RCW, it did not constitute an "action" that implicated the two dismissal rule. 153 Wn.2d at 247 (citing RCW 42.30.060(1)). The court rejected Spokane County's argument, noting that "the filing of a complaint alone commences an action for purposes of the 'two dismissal rule,'" regardless of the "nullity" of the suit. 153 Wn.2d at 247. Similarly here, Noel commenced an action subject to the two dismissal rule when he filed his complaint, regardless of any potential procedural defect.

B.      *Noel Voluntarily and Unilaterally Dismissed His Lawsuit for the Second Time on June 6, 2014*

Noel's argument that the parties agreed to the second dismissal on June 6, 2014, also fails. Lakewood never stipulated to the dismissal. Rather, the record shows that Noel unilaterally obtained the voluntary dismissal.

At the summary judgment hearing on June 6, 2014, Noel explained that he sought a dismissal of the lawsuit because he had recently filed a third complaint against Lakewood. Lakewood did not argue against the voluntary dismissal, explaining, "I can't think of any objection I have for [Noel's counsel] taking a voluntary dismissal." CP at 533. The superior court responded, "I wouldn't think you could think of any reason either. All right. What we'll do is: We'll take a voluntary nonsuit on this case. The [c]ourt will dismiss it without prejudice." CP at 533. Lakewood clarified that it was not stipulating to the dismissal, "I'm sorry. I believe this should go without saying, but just so I'm clear: By not objecting to this dismissal, we're not waiving the right to seek dismissal of these claims." Verbatim Report of Proceedings at 534. Lakewood did not stipulate to the dismissal.

Furthermore, the order entered by the superior court clearly lists each of Noel's claims as "voluntarily dismissed by plaintiffs." CP at 539. At no point did Noel object to the court's characterization of the dismissal as a "voluntary dismissal by plaintiffs." Nothing in the record suggests that the June 6, 2014, dismissal was anything other than a voluntary, unilateral dismissal by Noel.

Because the June 6, 2014 dismissal was Noel's second such dismissal of his claim, the dismissal operates as an adjudication on the merits. *See* CR 41(a)(4). Thus, the two dismissal

No. 48098-1-II

rule bars his present lawsuit. Consequently, we affirm the summary judgment dismissal of Noel's claim.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.